The order appealed from must be reversed, with $10 costs.

## SUPREME COURT.

WILLIAM JAMES ST. JOHN, HENRY JOSEPH ST. JOHN and FERDINAND ST. JOHN, agt. WILLIAM WEST, and twelve other suits, by the same plaintiffs, against different defendants.

After the death of one of several plaintiffs, in an ejectment suit, a motion was made, (under § 121 of the code,) by the surviving plaintiffs at special term, to substitute the names of two individuals and the People of the State, to prosecute the suit, as representatives or successors in interest of the deceased plaintiff. It being a matter of doubt which of the three parties proposed was entitled to the right, the first being sole trustee under the will, it being doubtful whether he would take the title or only a power in trust, the second being an heir, but doubtful whether a citizen of the United States, and if neither of the two had the right, it was doubtful whether it did not pass by escheat to the People of the State. The motion, was denied. An appeal was taken by the plaintiffs to the general term as required by section 9 of the "Act to facilitate the determination of existing suits," passed April 11, 1849.

The question was, whether the order appealed from *involved the merits* and could be appealed to the general term?

*Held* that it did *not* involve the merits, because the statute gives the right of continuing the suit in the name of the representative or successor in interest. In order to avail himself of this right, the party must show who is the successor. He must make out a *prima facie* case before the right attaches. This cannot be done by parties who claim in different characters.

Where it is a matter of doubt who are the successors, and different parties are proposed to be substituted to save the rights, it is a matter of discretion with the court, to allow or not, their substitution. The order thereon, of course, not appealable.

*It seems*, that the term successor, as used in the statute, does not include the People, when they claim by escheat. Theirs is a prior right which has become paramount by reason of the extinction of that upon which the action is founded.

(*The question, when may an order made at a special term, be said "to involve the merits?"* discussed.—SELDEN, Justice.)

*Monroe General Term, March*, 1850.—WELLES, JOHNSON and SELDEN, Justices. This is an appeal from an order made at a special term of this

court held in the county of Seneca, in October, 1849, denying an application on the part of the plaintiffs to substitute the names of Beverly Robinson, trustee under the will of William James St. John, John Henry Herbert St. John, and the People of the State of New York, as parties, plaintiffs, in place of the said William James St. John, who has died since the commencement of the suits.

The petition upon which the original motion was founded, among other things, shows:

That the thirteen suits are all actions of ejectment, brought to recover different lots of land in the town of Naples, Ontario county; parcels of a tract of about four thousand acres, alleged to have belonged to the late Lord Bolingbroke; and to have been conveyed by him to his five children, in joint tenancy; of whom the three plaintiffs above named, were the survivors.

That the suits were commenced prior to the year 1844, and were noticed for trial at the May circuit of that year, in Ontario county; at which the above entitled suit only was tried, a verdict having been obtained by the plaintiffs therein for a part of the lands claimed in that suit;

That exceptions were taken on the trial by both parties to the ruling of the court, and that before the other suits could be brought to trial, or the bill of exceptions be settled and argued, to wit: in March 1845, William James St. John, one of the plaintiffs, died, leaving the said John Henry Herbert St. John his only child;

That the deceased also left a will by which he devised all these lands to the said Beverly Robinson and one Philip Ricketts, their heirs, &c., as joint tenants, in trust, to sell and dispose of the same and distribute the proceeds as provided by said will;

That the said Ricketts died before the death of the testator, leaving the said Robinson sole trustee; but it is doubtful whether, under the provisions of the said will, the trustee would take the title to the said lands, or only a power in trust;

That the said William James St. John having been born in the city of New York, of alien parents, and having removed with his father at the early age of six or seven years to England, where he subsequently married a British subject, with whom he removed to, and resided in France, where the said John Henry Herbert St. John was born, it is doubtful whether the latter can be regarded as a citizen of the United States, and capable of inheriting the said estate; and that there being no other person known, to whom the said lands could descend, it is apprehended that the title may have passed by escheat, to the people of the state.

The object of the motion below, was to meet these several contingencies, by obtaining leave to add the names of the said Beverly Robinson, trustee of the said John Henry Herbert the son, and of the people of the state, as plaintiffs in appropriate counts, in place of that of the said William James St. John, deceased.

J. A. Spencer, *for plaintiffs.*

B. D. Noxon, T. M. Howell, B. F. Cooper, *for defendants.*

By the Court, Selden, Justice.—Upon the argument of the appeal, among other grounds taken by the counsel for the defendants, it was insisted that the appeal should be dismissed for the reason that the order appealed from did not "involve the merits of the action" as required by section 9 of the "act to facilitate the determination of existing suits," passed April, 11th 1849, under which the appeal was brought; and since this objection, if well taken, is fatal to the appeal, it may as well be first considered.

When, then, may an order made at special term be said to "involve the merits?"

The same phraseology being used in section 349 of the Code of Procedure, this question becomes one of great importance, as it determines the right of review in regard to a class of decisions extremely numerous, and frequently involving vast interests. It is a question of no little difficulty, as neither of the principal terms used have any very definite legal meaning; and yet, without giving to them some precise signification, no rational construction can be put upon the clause.

First, then: What is meant by the word "merits" as here used? If taken in its ordinary acceptation, it would mean the abstract justice of the case, without regard to any technical or arbitrary rules of law; but to give that signification to the word here, would in effect deny an appeal in many if not most cases where a fixed rule, or a well-settled principle of law had been violated, and allow it in those cases where a judge had been called upon to exercise a sound discretion in settling the equities of the parties, in regard to some interlocutory matter; thus reversing all the previous theory and practice of our courts. A better legal definition I apprehend, would be, to consider it as meaning the combined questions of law and of fact presented by the *pleadings* in the case. This, however, although perhaps the best general definition that can be given, is obviously defective, and will hardly do in the present case, as will hereafter appear.

Again: The precise meaning of the word "*involve*," in this sentence, presents a difficulty scarcely less embarrassing. If considered as it might

be, without doing violence to language, as synonymous with the word *effect*, then it is apparent that the provision is a very broad one, giving a right of appeal, in many cases where it never existed before ; as it could easily be shown that many orders upon a mere matter of practice, or such as rest entirely upon the discretion or favor of the court, would have an effect more or less upon the ultimate disposition of the issues in the case ; as for instance, an order opening a default regularly taken.

On the other hand, if we give to the word "involve" its more exact and literal signification, as synonymous with comprise or embrace, the provision becomes extremely restricted and confined, and would have, if we adhere to the definition of the word merits given above, scarcely any practical operation whatever, as in that view it would only reach those few cases in which the order embraced, that is, disposed of, some part of the questions of law or of fact, presented by the pleadings in the cause.

To make the provision in question therefore accord at all, with those notions which long experience, and the practice of courts have heretofore settled as just and proper, it is obvious that some signification must be given to one or the other of the terms referred to, more or less variant from its most common and natural import.

The word merits, as a legal term, having acquired no precise technical meaning, clearly admits of some latitude of interpretation. Let it be understood, therefore, in the section of the statute under review, as meaning the strict legal rights of the parties, as contradistinguished from those mere questions of practice which every court regulates for itself, and from all matters which depend upon the *discretion* or *favor* of the court, and we have not only a rational but an exact and well-defined construction of the provision in question. It would then give an appeal from every order which involved, that is, passed upon and determined any positive legal right of either party, and deny it in all other cases. This is the construction which will inevitably be generally given in practice to this provision ; and by adopting it as the true interpretation of the language, much fluctuation in the decisions of our courts in regard to appeals from this class of orders, may, it is believed, be avoided.

Did the order appealed from in this case then involve the merits ?

For the purpose of disposing of this question I shall assume that the case is to be governed by the 121st section of the code, and that a motion to continue the suit in the name of the representatives of the deceased plaintiff might properly be made under that section at any time within a year after the code took effect ; the death of the party having occurred prior to

its passage, and no proceedings to continue, by *scire facias*, having been commenced before the code was passed.

The action referred to provides that no action shall abate by the death of any party ; but that in case of such death the court, on motion at any time within a year thereafter, or afterwards, on supplemental complaint, " may allow the action to be continued by or against his personal representatives or successors in interest." The right of continuing the suit, given by this section, is to be regarded, in my judgment, as an absolute right, and one which the courts have no discretion to refuse in a case coming fairly within the scope of the provision. It follows, therefore, that an appeal would lie from an order denying an application made for the single purpose of enforcing this right.

But in this case the motion was threefold : to substitute the names of the heir of the deceased, the trustee under the will, and of the people of the state.

The defendant insists that, conceding that the statutory provisions referred to would authorize the substitution of the names of the heir and trustee, it does not extend to the people, and consequently so far as that branch of the motion is concerned, it must be regarded as an application to amend the declaration by adding a new party ; and as addressed to the *discretion* of the court, and therefore not appealable.

To this it is answered, that in case of an escheat, the people in respect to the ownership of the property, succeed directly to the deceased proprietor ; that they and the last owner bear to each other the relation strictly of predecessor and successor, and consequently by the express terms of the section, the people have the same right to be substituted as the heir. Is this a sound interpretation of the statute ? The object of the provision is to prevent the abatement of a suit, where the same rights which the suit is brought to enforce, continue ; and where nothing is changed but the person in whom the right is vested. But do the people of the state in case of an escheat succeed to the rights of the last proprietor ? Is their title the same, to be deduced through the same channels, and supported by the same evidence ? Manifestly not. Theirs is a prior right which has become paramount by reason of the extinction of that upon which the action was founded. It cannot be said in any sense that they derive their title from the last owner. His was secondary and derivative ; theirs original and primary. My conclusion therefore is, that the term successor, as used in the statute, does not include the people when they claim by escheat ; and that even if it would be proper in any case to allow them to be joined as plaintiffs in the same suit with private persons, for the benefit of the latter, the ap-

plication for such a privilege must be considered as asking a favor of the court, and not as matter of strict right.

This branch of the motion, therefore, if it stood alone, could not, upon the principles already settled, be brought here by appeal.

But there is another objection which goes to the whole appeal. The statute gives the right of continuing the suit in the name of the representative or successor in interest. In order to avail himself of this right, the party must show who is the successor. He must take out a *prima facie* case before the right attaches. This certainly he cannot do in two persons not claiming in the same character.

He may, as is assumed to have been done here, make a case of doubt which of the two is entitled to the right. But does this give to either the right, under the statute, of being substituted in the suit? Clearly not. The person to whom the title has passed, being ascertained, the statute gives to him the right of prosecuting the suit, and to no other. It gives no right of experimenting as to the proper party. It was decided in the case of *Boynton* v. *Hoyt*, (1 Denio, 50,) that a party claiming to be substituted under the corresponding provisions of the Revised Statutes, must show himself *prima facie* to have succeeded to the title. The applicants here have not asked that the court should determine upon the facts presented, which of the three parties has succeeded, and to substitute such party. This, perhaps, they might have done : but they ask to be permitted to include two persons who are conceded to be without title. It may be proper in many cases to avoid a multiplicity of suits, or to save a right from the operation of a statute of limitations, that the court should permit, in a case of doubt, a number of names to be used ; but this is clearly not a matter of strict right but a question of discretion, and therefore not appealable.

This conclusion being decisive of the case, it becomes unnecessary to examine either of the other questions raised upon the argument.

The appeal must be dismissed.