## GOODELL v. HURLBUT et al.

(Supreme Court, Appellate Division, First Department. May 1, 1896.)

CONTRACTS — AGAINST PUBLIC POLICY — COMMISSION TO AGENT FROM THIRD PERSON.

A contract by an agent, without knowledge of his principal, providing for the payment of a commission to him by a third person for exercising his powers as agent for the benefit of such third person, is void as against public policy.

Appeal from special term, New York county.

Action by Richard H. Goodell against William W. Hurlbut and others for commissions. From an interlocutory judgment overruling his demurrer to a separate defense, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, O'BRIEN, and INGRAHAM, JJ.

Everett P. Wheeler, for appellant.
William W. Goodrich, for respondents.

INGRAHAM, J. The action is brought by the plaintiff to recover a commission which the defendants agreed to pay plaintiff for his services in negotiating a charter of the steamer George Dumois, of $2\frac{1}{2}$ per cent. on the amount of the charter hire agreed to be paid. The answer demurred to alleges that at the time of the agreement in question the plaintiff was an employé of a corporation, under a stated and regular compensation; that, as such employé, he was sent to the United States to negotiate and execute charters of three steamers named in the complaint, and that he had from said corporation a power of attorney authorizing him to negotiate and execute such charters, and that such charters were negotiated and executed by him as attorney for the company; that the said defendants agreed to pay him $2\frac{1}{2}$ per cent. commission on the amount of such charters, but that said company had not assented to the payment to the plaintiff of the amount of such commissions, and has given notice to the defendants not to pay the same; and that the contract between the plaintiff and the defendants was, as to the plaintiff, void and against public policy. By his demurrer the plaintiff admits that he, as the agent of the corporation owning these steamships,—sent here to negotiate and execute a charter of the steamships,—made a contract with the defendants whereby the defendants were to pay him a commission for making a contract between his employers and principals and the defendants. The demurrer was overruled by the court below on the ground that such contract was void, and one that the court could not enforce.

The question here presented is, not as to the validity of the charter made by the plaintiff as agent for his principal, but whether an independent contract made between the plaintiff and a third party, with whom the plaintiff is negotiating on behalf of his principal, whereby, upon the execution of such contract, plaintiff is individually to receive a sum of money from such third party, is a contract which

the courts will enforce in an action between the agent individually and such third party. "It is a well-settled and salutary rule that 'a person who undertakes to act for another in any matter shall not, in the same matter, act for himself.' It is only by a rigid adherence to this simple rule that all temptation can be removed from one acting in a fiduciary capacity to abuse his trust, or seek his own advantage in the position which it affords him.   *   *   *   The rule which places it beyond the power of the agent to profit by such transactions is founded upon considerations of policy, and is intended, not merely to afford a remedy for discovered frauds, but to reach those which may be conceded, and also to prevent them, by removing from agents and trustees all inducement to attempt dealing for their own benefit in matters which they have undertaken for others, or to which their agency or trust relates." Dutton v. Willner, 52 N. Y. 318.   It is entirely immaterial, in considering the validity of such a contract, as to whether or not the agent made the best contract that he could for his principal.   The principal was entitled to the services of his agent, uninfluenced by any hope of reward or advantage from the person with whom he was dealing as agent for his principal.   Common honesty requires that such an agent, in dealing with others, should not be exposed to the temptation of being influenced by a private agreement made with third parties, which is to inure to the benefit of the agent, and not to the principal. And to allow an agent to recover upon such a contract, irrespective of the question of the right of the principal to the benefit of the contract made in favor of the agent, would sweep away the most efficacious means for the enforcement of this most salutary rule. The observation of Lord Mansfield in Holman v. Johnson, 1 Cowp. 343, has been often cited as stating the basis upon which courts refuse to enforce contracts of this character.   He said:

"The objection that a contract is immoral or illegal as between plaintiff and defendant sounds at all times very ill, in the mouth of the defendant. · It is not for his sake, however, that the objection is ever allowed; but it is founded in general principles of policy, which the defendant has the advantage of, contrary to the real justice, as between him and the plaintiff, by accident, if I may so say."

See Woodworth v. Bennett, 43 N. Y. 274, where this remark of Lord Mansfield's is quoted with approval, and where the rule that a contract which is void as against public policy will not be enforced was strictly applied.   That such a contract as the one in question comes within this class is clear.   The case of Bollman v. Loomis, 41 Conn. 581, presents this question.   There the plaintiff, acting for a Mrs. Robinson, went to the defendant with Mrs. Robinson to purchase a piano.   The defendant, knowing his relation, requested plaintiff to endeavor to effect a sale, and to urge the piano upon the Robinsons.   This the plaintiff promised to do, and did, and a sale was effected.   Neither of the Robinsons at any time knew that the plaintiff was acting for defendant, and after the sale the plaintiff recovered a judgment for his services, against the defendant.   The court held that a contract by the defendant to pay plaintiff for his services in inducing the Robinsons to purchase was void, and that

the plaintiff could not recover.    In the case of Bell v. McConnell, 37 Ohio St. 399, it is said:

"It is equally clear, both upon principle and authority, that in case of such double employment he can recover from neither, where his employment by either is concealed from, or not assented to by, the other. * * * It is no answer to say that the second employer, having knowledge of the first employment, should be held liable on his promise, because he could not be defrauded in the transaction. The contract itself is void as against public policy and good morals, and, both parties thereto being in pari delicto, the law will leave them as it finds them."

See, also, Capener v. Hogan, 40 Ohio St. 203.

The judgment was clearly right, and should be affirmed, with costs, with leave to the plaintiff to withdraw the demurrer upon payment of costs in this court and in the court below.    All concur.