(5 App. Div. 324.)

### HIRSHBACH v. KETCHUM.

(Supreme Court, Appellate Division, First Department. May 22, 1896.)

ATTORNEY AND CLIENT—CONTRACT TO PROCURE EMPLOYMENT.

A contract between defendant, who was an attorney, and plaintiff, which provided that, in consideration of plaintiff's procuring the employment of defendant by a third person for the purpose of prosecuting certain claims, defendant would pay plaintiff a portion of the compen-

sation which he should receive from his employer, is void, under Code Civ. Proc. § 74, which provides that an attorney shall not promise a valuable consideration to any person as an inducement to placing in his hands a demand of any kind for the purpose of bringing an action thereon.

Appeal from special term, New York county.

Action by Simon Hirshbach against Alexander P. Ketchum to recover the sum of $3,005.48, claimed by plaintiff, a customhouse broker, from defendant, for bringing to defendant, an attorney and counselor, certain claims for prosecution by defendant on a contingent basis. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, and O'BRIEN, JJ.

J. Campbell Thompson, for appellant.
Joseph A. Arnold, for respondent.

RUMSEY, J. The complaint alleges that on the 27th of August, 1886, the plaintiff, at the request of the defendant, procured the employment of the defendant as attorney by and for the firm of L. Erstein & Bro., of the city of New York, for the purpose of prosecuting and recovering all the claims of said L. Erstein & Bro. arising out of the payment of duties exacted of them by the United States; that the defendant, by his contract, was to receive from Erstein & Bro., in payment for said services, 50 per cent. on his recovery; that in consideration of the procurement of said employment, which the defendant accepted and entered upon, the defendant promised to pay to the plaintiff one-half of any sum or sums which the defendant was or became entitled to thereunder. Then follow allegations that the defendant collected and received a certain sum for Erstein & Bro., of which he himself received one-half for his services, and that he had refused to pay the plaintiff in accordance with his contract; and the complaint demanded judgment for the amount which was alleged to be due. A demurrer was interposed to this complaint upon the ground—First, that the court had no jurisdiction of the subject of the action; and, second, that the complaint did not state facts sufficient to constitute a cause of action. This demurrer was overruled, and from the judgment entered upon the decision of the court this appeal is taken.

The real strength of the defendant's case lies in the second ground of the demurrer, which is based upon the proposition that the contract set out in the complaint is one which is forbidden by the statute. It is provided that an attorney or counselor shall not, either before or after action brought, promise or give a valuable consideration to any person as an inducement to placing, or in consideration for having placed, in his hands, a demand of any kind for the purpose of bringing an action thereon. Code Civ. Proc. § 74. The defendant alleges that the contract set up in the complaint is a violation of this section of the Code, and for that reason the plaintiff is not entitled to recover upon it. It is hardly

necessary to cite authorities upon the proposition that if the contract is forbidden by the law the court will not aid either of the parties to it,—either in enforcing it, or in recovering back any money which may be paid upon it. In such a case as that the courts will take no cognizance of the case, but will apply the maxim, "In pari delicto potior est conditio defendentis." Goodell v. Hurlbut (Sup.; not yet officially reported) 38 N. Y. S. 749. This contract is precisely within the prohibition of the statute. It appears, necessarily, from the allegation of the complaint, that he is an attorney, and that the plaintiff procured his employment for the purpose of prosecuting and recovering certain claims. The thing which the statute forbids is to procure one's employment for the purpose of bringing an action upon a claim or demand. The word "prosecution," when applied to legal proceedings, means to begin a civil action. Such is the meaning given to it by all the lexicographers, and applied in legal proceedings. Dolloway v. Turrill, 26 Wend. 383, 399. Therefore, when it is alleged in the complaint that the defendant was employed to prosecute certain claims, it necessarily meant that he was employed for the purpose of bringing an action upon them. When that is made to appear the case is precisely within the prohibition of the statute. Moses v. McDivitt, 88 N. Y. 62, 67. It is not disputed by the counsel for the respondent that this is a fair and natural construction of the complaint, but he claims that the demurrer was properly overruled because it does not appear from the complaint that section 74 applies to this particular contract. The last sentence of section 74 of the Code provides "that this section does not apply to an agreement between attorneys and counselors, or either of them, to divide between themselves the compensation to be received." The plaintiff claims that the case is within this exception of the law, and such seems to have been the opinion of the learned judge who decided the case at the special term. But the trouble is that it does not appear upon the face of the complaint that the case is within the exception. The rule is well settled that, where one relies upon an exception in the statute to take his case out of the rule laid down in the body of the statute itself, it lies upon the person insisting upon the exception to bring himself within it. Fleming v. People, 27 N. Y. 329; Bliss, Code Pl. §§ 202, 203. Within this rule, before it could be considered that the case was within the exception of section 74, it must be made to appear that the plaintiff was an attorney and counselor at law, and therefore entitled to make a contract to share in the compensation to be received by the defendant for the work that he did. Nothing of that kind appears upon the face of the papers. There was no presumption on the subject which will aid the plaintiff, but the case must stand upon the facts as they appear in the complaint, which bring it clearly within the prohibition of the section, and are not sufficient in any way to enable us to apply the exception to it.

Whether or not this is one of the cases which would come within the exception if it had been made to appear that the plaintiff as

well as the defendant was an attorney at law, it is unnecessary to decide upon this appeal. Upon the facts as they appear in the complaint, it is sufficient to say that the judgment below was erroneous, and must be reversed, and that the defendant must have judgment upon the demurrer, with costs, with leave to the plaintiff to amend his complaint on payment of costs of this appeal and of the demurrer in the court below. All concur.

(5 App. Div. 398.)

LAZARUS et al. v. METROPOLITAN EL. RY. CO. et al.

(Supreme Court, Appellate Division, First Department. May 22, 1896.)

1. ELEVATED RAILROADS—INJURIES TO ABUTTERS—EVIDENCE.
   In an action to enjoin the operation of an elevated railroad in front of plaintiff's premises, and for damages, evidence that after the construction of the road certain tenants who formerly let the building lost money, and surrendered their leases in consequence, is not relevant to the question of the rental damage which plaintiff has sustained, where the evidence shows that after the construction of the road there was a steady increase of the rental value.

Appeal from judgment on report of referee.