HENRY IRWIN, Appellant, *v.* CHARLES CURIE, Respondent.

*Contract — by an attorney to pay for having a demand put in his hands for collection.*

A complaint which alleges that the plaintiff, a customs broker, made a contract with the defendant, an attorney at law, by which the broker was to procure employment for the defendant in and about the collection of excessive customs duties paid to the government, to be prosecuted upon contingent fees of fifty per cent of the amount recovered; such fees to be divided equally between the plaintiff and the defendant, and demanding judgment for one-half of a certain amount thus collected by the defendant, is demurrable on the ground that the contract is in violation of section 74 of the Code of Civil Procedure, providing in substance that an attorney or counselor shall not, either before or after action brought, promise or give a valuable consideration to any person as an inducement to placing, or in consideration for having placed in his hands, a demand of any kind for the purpose of bringing an action thereon.

APPEAL by the plaintiff, Henry Irwin, from a judgment of the Supreme Court in favor of the defendant, entered in the office of

the clerk of the county of Kings on the 23d day of April, 1900, upon the decision of the court, rendered after a trial at the Kings County Special Term, sustaining the defendant's demurrer to the complaint, and also from an order entered in said clerk's office on the 10th day of April, 1900, upon which said judgment was entered.

*J. Stewart Ross,* for the appellant.

*W. Wickham Smith,* for the respondent.

GOODRICH, P. J. :

The complaint alleges that the plaintiff, a customs broker, undertook the business of importers of goods into the United States, in the collection of their claims against the government for excess of duties exacted by and paid to the said government; that, with their knowledge and assent, he made an agreement with the defendant, an attorney and counselor at law, by which the plaintiff was to procure employment for the defendant in and about the collection of such excessive customs duties, the defendant to prosecute the claims upon contingent fees of fifty per cent of the amount recovered, and that the said fifty per cent should be equally divided between the plaintiff and the defendant; that, in pursuance of said agreement, the plaintiff procured the placing with the defendant of claims of Weil & Co., importers of tobacco, for excess of duties paid on tobacco; that the defendant took proceedings and recovered the claim, and that, in December, 1899, the government paid to the defendant $37,350.91, of which the defendant received and realized $18,620.43, one-half of which was due to the plaintiff. The defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was sustained and the plaintiff appeals.

The Appellate Division of the first department, in *Hirshbach* v. *Ketchum* (5 App. Div. 324), had under consideration a contract very similar to the one already stated, and held (p. 326): "It is provided that an attorney or counselor shall not, either before or after action brought, promise or give a valuable consideration to any person as an inducement to placing, or in consideration for having placed, in his hands a demand of any kind for the purpose of bringing an action thereon. (Code Civ. Proc. § 74.)    The

defendant alleges that the contract set up in the complaint is a violation of this section of the Code, and for that reason the plaintiff is not entitled to recover upon it. It is hardly necessary to cite authorities upon the proposition that if the contract is forbidden by the law the court will not aid either of the parties to it, either in enforcing it or in recovering back any money which may be paid upon it. In such a case as that the courts will take no cognizance of the case, but will apply the maxim, *In pari delictu potior est conditio defendentis.* (*Goodell* v. *Hurlbut,* 5 App. Div. 77.) This contract is precisely within the prohibition of the statute."

There are cases in the United States courts which seem to hold a contrary doctrine, drawing a distinction between executed and executory contracts. (*McBlair* v. *Gibbes,* 17 How. 232 ; *Brooks* v. *Martin,* 2 Wall. 70 ; *Wann* v. *Kelly,* 5 Fed. Rep. 584.) But the *Hirshbach* case is in accord with cases decided by our Court of Appeals, and whatever might be our own opinion, if the question were an original one, we cannot do otherwise than recognize the authoritative utterance of that court.

*Goodrich* v. *Houghton* (134 N. Y. 115) was an action to recover money received by the defendant to the plaintiff's use. The parties had each contributed twenty-five dollars for the purchase of a lottery ticket which drew a prize. The defendant received the prize and promised to send the plaintiff's share to her, but only sent a part, and on the trial it was sought to distinguish between the contract for division and the original contract. The court said :

"The difficulty with the plaintiff's case, as clearly shown by the opinion of the General Term, is that she cannot prove that the defendants ought to pay her any part of the prize money except by proof of the contract, and as it was a gambling contract, still executory as respects the division of the prize money, the law will not enforce its execution, but will leave the parties where it finds them. (*Nellis* v. *Clark,* 20 Wend. 24; *Haynes* v. *Rudd,* 83 N. Y. 253 ; *Woodworth* v. *Bennett,* 43 id. 273 ; *Knowlton* v. *Spring Co.,* 57 id. 528.) * * * The plaintiff cannot recover without resort to the unexecuted part of the contract."

See, also, *Leonard* v. *Poole* (114 N. Y. 371, 379, 380), where the court said : "Admitting these cases to be well decided, they do not aid the appellant. These parties have had no accounting. No admis-

sion has been made that a specified sum is due to any one of them. No promise has been made since the completion of the illegal scheme upon which a recovery is sought. On the contrary, this action is for an accounting between the parties. It is alleged in the complaint that the amount which the plaintiff is entitled to recover is unknown, and can only be ascertained by an investigation of the illegal transactions between the parties. The judgment prayed for is : ' That an account may be taken of all the dealings and transactions, purchases and sales of lard made and conducted by said defendants E. A. Kent & Co., under the agreement hereinbefore mentioned,' etc. The relief sought would require the court to investigate all of the various transactions of these parties, from the beginning to the end of their unlawful enterprise, and adjust the differences between them. This is precisely what courts have always refused to do. The fraud which the trial court found was practised by these defendants upon their associates cannot be too strongly condemned, but courts are not organized to enforce the saying that there is honor among lawbreakers, and the desire to punish must not lead to a decision establishing the doctrine that lawbreakers are entitled to the aid of courts to adjust differences arising out of, and requiring an investigation of, their illegal transactions."

It follows that the judgment should be affirmed.

All concurred.

Judgment affirmed, with costs.