———

(72 App. Div. 79.)

### In re HIRSHBACH.

(Supreme Court, Appellate Division, First Department. May 9, 1902.)

1. ATTORNEY AND CLIENT — RELATION — EXISTENCE — MONEY IN ATTORNEY'S HANDS—SUMMARY REMEDIES

Where plaintiff, an attorney, originally retained to prosecute certain claims on a contingent fee of 50 per cent. of the recovery, agreed to procure the employment of defendant, also an attorney, to prosecute the claims, on defendant's agreement to pay plaintiff 25 per cent. of the recovery, such agreement did not create the relation of attorney and client between plaintiff and defendant, so as to enable plaintiff to recover his share of the money from defendant in summary proceedings.

2. SAME.

The relation did not exist by the fact that plaintiff had originally performed work under his original retainer, no claim being made by him for any interest either of the claimants or himself, except the 25 per cent. under the agreement with defendant.

Appeal from special term, New York county.

Summary proceedings by Simon Hirshbach to recover moneys in the hands of Alexander P. Ketchum, an attorney. From an order denying plaintiff's application, he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, and PATTERSON, JJ.

Samuel H. Guggenheimer, for appellant.
J. Campbell Thompson, for respondent.

HATCH, J. The petitioner in this proceeding seems to have successfully performed the acrobatic feat of "jumping from the frying pan into the fire." The petitioner is an attorney, and he avers in his petition that, in the month of August, 1886, at the request of the respondent Ketchum, he procured from the firm of L. Erstein & Bro. a written retainer, appointing the said Ketchum as attorney for such

firm in the prosecution of certain claims against the government of the United States arising out of certain duties upon goods paid by the said firm; it being claimed that such duties were illegally exacted and retained by the government. By the terms of the retainer the attorney Ketchum was to receive a fee equal to 50 per centum of the amount collected, and the petitioner alleges that it was agreed between Ketchum and himself that he should receive one-half of said fee, or 25 per centum of the amount recovered; that Ketchum instituted proceedings against the government, and recovered therein considerable sums of money, which were paid over to the firm and the petitioner in the respective sums specified in the petition; that as to a certain sum so recovered about October, 1900, amounting to $15,212.90, the said Ketchum paid over the proportion due to the said firm, but refused to pay the 25 per cent. thereof to which the petitioner was entitled, amounting to about the sum of $3,625, which sum, together with interest thereon from November 1, 1900, he asks that the said Ketchum be compelled to pay over to him in this proceeding. About November, 1895, the petitioner herein commenced an action against the said Ketchum to recover moneys claimed to be due to him from prior collections under the same contract. To this complaint the defendant, Ketchum, demurred, and, the demurrer being overruled at the special term, he took an appeal to this court, where the same was reversed, and the demurrer sustained, with leave to amend the complaint upon the usual terms. Therein it was held that the contract alleged in the complaint, which is substantially the same as is stated in the petition herein, was champertous, and obnoxious to section 74 of the Code of Civil Procedure, and was therefore unenforceable. Hirshbach v. Ketchum, 5 App. Div. 324, 39 N. Y. Supp. 291. After such decision the plaintiff amended his complaint by averring therein that the plaintiff was an attorney, and made the agreement with the defendant, Ketchum, as such, for a division of the fees, and that, therefore, he fell within the exception contained in section 74 of the Code, which authorizes an agreement between attorneys to divide between themselves the compensation to be received for professional service. A demurrer was interposed to the amended complaint, which was sustained at special term. Permission to further amend was refused, and final judgment for costs was awarded to the defendant therein. No appeal was taken from this determination.

It is clear that the relation of attorney and client did not exist between the petitioner and Ketchum. They contracted with each other as attorneys for a division of the fee, and such was their relation. It is settled by decisive authority that it is only in cases where the relation of attorney and client exists, and the attorney is possessed of money belonging to the client, which he refuses to pay over, that a summary proceeding is authorized. In re Cattus, 42 App. Div. 134, 59 N. Y. Supp. 55.; In re Hillebrandt, 33 App. Div. 191, 53 N. Y. Supp. 352; Dailey v. Wellbrock, 65 App. Div. 523, 72 N. Y. Supp. 848. "Attorneys have the same right to have their liabilities established in the ordinary channels of the law as other persons, except where the claim is for money received for their client." Taylor v. Railroad Co., 38 App. Div. 595, 56 N. Y. Supp. 665. The petitioner seeks to avoid this re-

sult by asserting that he had been originally retained by the firm of L. Erstein & Bro. on the basis of a contingent fee of 50 per cent., and had done work under that retainer; that therefore he had an interest therein to that extent; and when he retained Ketchum it was not only for the interest of the firm, but in his own interest. There is no force in this contention. The petitioner had never claimed that, of the money which Ketchum recovered, he was entitled to any sum except the 25 per cent. of the fees which Ketchum was to retain, and his present claim is based solely and exclusively upon such theory. The amount which he asks to be paid over to him is arrived at by computing his interest at 25 per centum of the amount recovered. Assuming, however, that his contention in this respect could be upheld, it does not improve his condition. He does not show that he had any interest in these moneys, and, if he had a 50 per cent. interest in some of the claims, it is evident that that interest has been already paid over to him. Of the moneys the subject of this proceeding, the petition avers that 50 per cent. belonged to the firm and 25 per cent. to himself. So far as the retainer affects them, unless he contracted for a division of the fees he falls at once into the champertous agreement, which was condemned in his former action, and he can only escape this by invoking the exception contained in the Code as an agreement for the division of the fees. In no aspect, therefore, can this proceeding be sustained.

The order should therefore be affirmed, with $10 costs and disbursements. All concur.