SIMON HIRSHBACH, Respondent, *v.* ALEXANDER P. KETCHUM, Appellant.

*Judgment on a demurrer — when it may dismiss the complaint " upon the merits " — when the words " upon the merits " should not be stricken out — laches in moving — a judgment on issues of law is as conclusive as on issues of fact — issue involving the merits, raised by a demurrer.*

Where the court, on the hearing of a demurrer interposed to a complaint on the ground that it did not state a cause of action, adjudges that the agreement, upon which the plaintiff seeks to recover, is invalid and files a decision sustaining the demurrer and dismissing the complaint "upon the merits according to law," a final judgment dismissing the complaint "upon the merits" is proper.

In such a case it is improper for the court to grant, on motion of the plaintiff, an order amending the decision and judgment by striking therefrom the words "upon the merits," wherever they occur, especially where it appears that the plaintiff took no appeal from the final judgment and that over five years have elapsed since the entry thereof.

A judgment in an action in which questions of law are alone involved is as conclusive between the parties as a judgment in an action which involved issues of fact as well as issues of law.

A demurrer interposed to a complaint upon the ground that it does not state facts sufficient to constitute a cause of action, raises an issue which involves the merits.

APPEAL by the defendant, Alexander P. Ketchum, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 31st day of December, 1902, granting the plaintiff's motion to amend the decision and judgment theretofore entered in the action by striking therefrom, wherever they appear therein the words "upon the merits."

*William P. Maloney,* for the appellant.

*Samuel H. Guggenheimer,* for the respondent.

PATTERSON, J.:

This action was begun in October, 1895. A firm of merchants had claims against the United States government for duties improperly imposed on merchandise imported into the United States. The plaintiff procured the defendant to be employed as an attorney by those merchants and the defendant brought suit on behalf of such firm, and having succeeded in the establishment of the claims against the government, compensation was paid him for his services. The plaintiff claimed to be entitled to one-half of that compensation under a specific agreement with the defendant and brought this suit to recover such one-half. A demurrer was interposed to the complaint. It was overruled at Special Term, but on appeal to this court the judgment of the Special Term was reversed and the demurrer was sustained with leave to the plaintiff to serve an amended complaint. (5 App. Div. 324.) It was held by this court that the agreement between the plaintiff and the defendant was in violation of section 74 of the Code of Civil Procedure. The plaintiff served an

amended complaint, which, it is conceded, was practically the same as the original complaint, with the exception of an additional allegation concerning the relations between the plaintiff and the defendant. A demurrer was interposed to this amended complaint on the ground that facts were not stated sufficient to constitute a cause of action. The court at Special Term sustained the demurrer on the opinion of the Appellate Division on the former appeal, and did not give leave to amend. On that decision final judgment was entered March 8, 1897, dismissing the complaint on the merits. In that final judgment the amended complaint is dismissed in terms "upon the merits" in conformity with a decision made on February 24, 1897, in which it is stated as a conclusion of law that the defendant is entitled to final judgment sustaining the demurrer to the complaint, with costs, and dismissing the complaint "upon the merits according to law." The final judgment remained unappealed from and undisturbed for more than five years and until December 2, 1902, when a motion was made by the plaintiff to have the decision and judgment amended by striking therefrom, wherever they appeared, the words "upon the merits." The motion was opposed. It was heard by the same justice who rendered the decision and directed the entry of the judgment sought to be modified. He granted the motion, and from his order this appeal is taken.

It is suggested by the respondent that the decision and judgment were inadvertently made, so far as the insertion therein of the words "upon the merits" is concerned; but we find nothing in the record showing that there was inadvertence. The words stricken out were properly inserted, for the final judgment was on the merits. The subject involved was the validity of the agreement which lay at the foundation of the plaintiff's cause of action. That being invalid, there was no claim, and every right which the plaintiff asserted fell with the adjudication of the invalidity of the agreement.

A judgment in an action in which questions of law are alone involved is as conclusive between the parties as a judgment in an action in which are involved issues of fact as well as of law. (*Henck* v. *Barnes,* 84 Hun, 549; *Gould* v. *Evansville, etc., R. R. Co.,* 91 U. S. 526.) A demurrer to a complaint because it does not state facts sufficient to constitute a cause of action raises an issue which involves the merits. (*Alley* v. *Nott,* 111 U. S. 472.) That

was an action which originated in the State of New York, and the decision was made under the provisions of the Code of Civil Procedure of that State relating to demurrers. In *St. John* v. *West* (4 How. Pr. 329) Judge SELDEN, considering the meaning to be attached to the word "merits" on appeals from orders, says that, if taken in its ordinary acceptation, it would seem to mean the abstract justice of the case, but that a proper legal definition would regard it as meaning the combined questions of law and fact presented by the pleadings in a case, and he remarked that the word "merits," as a legal term, has acquired no precise technical meaning and admits of some latitude of interpretation, but it is to be regarded as referring to the strict legal rights of the parties, as contradistinguished from those mere questions of practice which every court regulates for itself and from all matters which depend upon the discretion or favor of the court. That definition has been approved by the General Term of the Supreme Court in *Tallman* v. *Hinman* (10 How. Pr. 90), by the General Term of the Court of Common Pleas in *Tracy* v. *New York Steam Faucet Co.* (1 E. D. Smith, 357), and by the General Term of the Superior Court in *Megrath* v. *Van Wyck* (3 Sandf. 751).

The final judgment entered upon the demurrer in this case, going as it does to the fundamental right of the plaintiff and determining that no right cognizable at law existed, was an adjudication on the merits, and, being so, that final judgment as entered was correct. The action of the court in granting this motion makes a new judgment and a different determination from that which was made on the trial of the issue in the cause. There is no doubt of the power of the court to amend a judgment by striking out the words "upon the merits," where it is clear that there was no authority or jurisdiction to enter a judgment containing those words, and where the only permissible judgment was one simply dismissing a complaint. Such was the case of *Card* v. *Meincke* (70 Hun, 382), but the courts have not gone so far as to say that a judgment rightfully rendered, and to which a party was entitled, may be set aside only upon such a statement as was urged on the application now under consideration.

In addition to what has been said, the gross *laches* of the plaintiff in moving is sufficient to call for a reversal of this order. He took no appeal from the final judgment, but allowed five years or more

to elapse before moving, and rested quiet even after notice of the intended use of the judgment.

The order appealed from should be reversed, with ten dollars costs, and the motion to amend the judgment denied, with ten dollars costs.

VAN BRUNT, P. J., HATCH and LAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.