## HIRSHBACH v. KETCHUM.

(Supreme Court, Appellate Division, First Department. June 5, 1903.)

1. JUDGMENT—RES ADJUDICATA.

Where it was adjudged in a former action that the contract in suit was void and unenforceable, such judgment was a bar to a subsequent action upon the same contract, although the subsequent action was to recover other and different moneys.

Appeal from Trial Term, New York County.

Action by Simon Hirshbach against Alexander P. Ketchum. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

The following is the opinion of the trial court (Scott, J.):

I find it impossible to distinguish this case from Irwin v. Curie, 171 N. Y. 409, 64 N. E. 161, 58 L. R. A. 830. There must, therefore, be judgment for the plaintiff, unless the defendant succeeds upon his special defense that the matter is res adjudicata. The contract out of which the action arises was made between the parties in 1886, and provides that defendant shall pay plaintiff one-half of the net fees or compensation realized by the defendant in prosecuting claims against the federal government for a rebate of duties paid by importers whose business had been solicited and obtained by plaintiff. In 1886 the plaintiff sued defendant in this court upon the same contract, but for the moiety of other fees than those included in this action. The defendant demurred for insufficiency of the complaint, and the demurrer was sustained at the appellate division, leave being given to amend the complaint. Hirshbach v. Ketchum, 5 App. Div. 324, 39 N. Y. Supp. 291. The complaint, having been amended, was again demurred to, and the demurrer sustained at Special Term, the judgment reciting that the complaint was dismissed "on the merits," and no leave being given to further amend. This judgment was not appealed from, but in December, 1902, after the decision of Irwin v. Curie, supra, the plaintiff moved to amend the Special Term judgment sustaining the second demurrer by striking out the words "on the merits." This motion was granted at Special Term, but the order granting it was reversed by the Appellate Division. Although the plaintiff challenges the jurisdiction and power of the Appellate Division, I am not at liberty to consider that question, since that branch of this court, having assumed jurisdiction in the premises, must be deemed to have decided that it had such jurisdiction. Assuming, then, that the judgment in the former action stands as one dismissing the complaint on the merits, the question is presented as to its efficacy as res adjudicata. The precise meaning to be given to the words "on the merits" in an order or judgment has never been very clearly defined. Judge Selden said that they were to be regarded as referring to the strict legal rights of the parties, as contradistinguished from mere questions of practice (St. John v. West, 4 How. Prac. 329), and this definition has frequently been cited with approval. It is, however, not of controlling importance whether or not the judgment is declared to be upon the merits. The real question is whether it was in fact an adjudication upon the merits. It is well settled that a judgment sustaining a demurrer, if it goes to the merits of the controversy, is as conclusive as an adjudication of the matter litigated as in any other judgment. Gould v. Evansville, etc., R. R. Co., 91 U. S. 533, 23 L. Ed. 416; Alley v. Nott, 111 U. S. 472, 4 Sup. Ct. 495, 28 L. Ed. 491. An examination of the judgment roll in the former action between these same parties shows that the validity of the agreement between them

was directly and necessarily in issue. There was no formal or technical defect or omission in the amended complaint, and it is obvious, upon reading it, that it contained every allegation necessary to establish a cause of action in the plaintiff's favor, if the agreement between himself and the defendant was lawful and valid. Hence the judgment sustaining the demurrer must have proceeded upon the ground that the contract was illegal and void, and that undoubtedly was the ground upon which it rested. That judgment, not having been appealed from, was a final and conclusive adjudication between the parties that the contract relied on in that action was void and unenforceable. The present action is founded upon the same contract. It is true that the present complaint differs somewhat in form and construction from that in the former action, but in every essential particular it is the same, and the contract relied upon is identical. The correspondence which passed between the parties in 1887 did not create or constitute a new contract, and did not purport to do so. It merely expressed the understanding of the parties as to the precise terms of the contract which they had made in the previous year. Nor is it of moment that the plaintiff does not now sue for the identical moneys which he sought to recover in the former action. He seeks now to recover another installment of fees received from the same client, and under the same agreement. It is precisely like a second action for rent under a lease, where the validity of the lease, the liability of the defendant, and the amount of the rent had been adjudicated in a former action. In such a case no one would doubt for a moment that the judgment in the first action was conclusive in the other. Of course, the fact that it now appears, by the decision of the Court of Appeals in Irwin v. Curie, supra, that the judgment sustaining the demurrer was erroneous, does not affect the efficacy of that judgment as a bar to this action. De Puy v. Strong, 37 N. Y. 372.

In my judgment, the judgment pleaded by the defendant is a bar to this action, and he is therefore entitled to judgment.

Argued before HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Samuel H. Guggenheimer, for appellant.
William P. Maloney, for respondent.

O'BRIEN, J. The history of the litigation between these parties is fully detailed in the opinion of the learned judge at Special Term, and we might well be content to rest our decision upon the reasons therein given in favor of the judgment which was thereafter entered, and from which the plaintiff appeals. It was thought proper, however, that we should add a word in reference to a single feature of the litigation, which we think strengthens the conclusion reached. The precise point upon which the complaint was dismissed was that the former judgment was res adjudicata. There were two judgments heretofore rendered against the plaintiff on demurrers to complaints. The facts, the questions involved, and the scope of the judgment in the first action fully appear in our decision in Hirshbach v. Ketchum, 5 App. Div. 324, 39 N. Y. Supp. 291. It was therein held that the contract sued upon was obnoxious to section 74 of the Code of Civil Procedure, because presumably made between a layman and a lawyer; and that, if it were the intention of the plaintiff to avail himself of the exception in that section which renders valid such an agreement when made between attorneys, the burden rested upon him to show by suitable allegations in the complaint that the agreement was within the exception. We did not hold that such a contract was inherently bad, or "malum in se," but only that it was one for-

bidden by statute; and there was a clear intimation in the opinion that, had it appeared that the plaintiff was a lawyer who had entered into the agreement with the defendant as another lawyer, a different conclusion might have been reached.

The Court of Appeals in Irwin v. Curie, 171 N. Y. 409, 64 N. E. 161, 58 L. R. A. 830, has expressly overruled the decision in Hirshbach v. Ketchum, supra, and, were the question now before us, we would necessarily follow that authority, and hold that the contract sued upon was not invalid. Before its rendition, however, and after the decision of this court (Hirshbach v. Ketchum, supra), the plaintiff, pursuant to the leave granted, amended the complaint, and alleged that the contract was made in 1886, when the plaintiff was an Illinois attorney, and that thereafter, in 1889, he was admitted to practice as an attorney in the courts of the state of New York and the United States courts. To this complaint a demurrer was interposed and sustained, and it was therein finally adjudged that the complaint should be dismissed upon the merits. From this judgment the plaintiff did not appeal. He allowed the matter to rest for some years until after the decision of the Court of Appeals in Irwin v. Curie, supra, when, finding the law settled in his favor, he attempted by motion and by this action to get away from or to overdo the force and effect of the judgment dismissing his complaint, which, by reason of his failure to appeal, had become final and conclusive against him.

It was insisted in the court below as it is in this court that the present action is different from the one in which the judgment was entered. Although it is for other and different moneys, the right to recover them is based upon the same contract; and, as correctly said by the learned judge at Special Term: "It is true that the present complaint differs somewhat in form and construction from that in the former action, but in every essential particular it is the same, and the contract relied upon is identical."

Upon examining the precise questions involved, therefore, and the scope of the former judgment, which is pleaded as a bar, we find that, although the complaint herein alleges that the contract was made between the plaintiff and the defendant, both of whom were attorneys, it was adjudged in the former action that the contract between such attorneys, which was relied upon in that action, was void and unenforceable. We are unable, therefore, to find—any more than was the learned judge at Special Term—an avenue of escape from the conclusion that the former judgment was binding between the same parties upon the same contract, and that, as such, the final judgment rendered in that action is a bar to the maintenance of this action.

It follows that the judgment appealed from should be affirmed, with costs. All concur.