(74 Misc. Rep. 251.)

### SUTTON v. BUTLER.

### SAME v. LOCKWOOD.

(Supreme Court, Special Term, Kings County. November, 1911.)

1. ARREST (§ 73*)—SECOND ARREST.

The second arrest, prohibited by Code Civ. Proc. § 2050, of one thought to be guilty of a crime, is not unlawful, where he was released from custody under former arrest because the information did not sufficiently state a crime.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. §§ 176–178; Dec. Dig. § 73.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. ARREST (§ 73*)—SECOND ARREST—ACTION FOR PENALTY.

Where an action is brought to recover a penalty, under Code Civ. Proc. § 2051, for second arrest, prohibited by section 2050, complaint must show that the second arrest is not only for the same cause, but that it is not within the exceptions contained in section 2050.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. §§ 176–178; Dec. Dig. § 73.*]

3. ARREST (§ 73*)—SECOND ARREST—"SAME CAUSE."

Code Civ. Proc. § 2050, relieving one discharged on habeas corpus from being again arrested for the "same cause," means when imprisonment is based on the same information, and not imprisonment under a new information, followed by a lawful warrant.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. §§ 176–178; Dec. Dig. § 73.*

For other definitions, see Words and Phrases, vol. 7, p. 6320.]

Actions by McWalter B. Sutton against William E. Butler and against Samuel G. Lockwood. Demurrers to complaints sustained.

Wm. Bernard, for the motion.
J. Gerdes, opposed.

KAPPER, J. [1] To say of these complaints that they state a cause of action means that a second arrest of one believed by the prosecution to be guilty of a crime is unlawful, where the accused has theretofore been discharged on habeas corpus upon the ground that the information upon which the former arrest was made "did not state facts sufficient to constitute a crime." The words just quoted are taken from the complaints now demurred to, and are there alleged as the reasons for the discharge on habeas corpus from the first arrest. A second arrest for the same crime is not illegal, where the first has fallen down because of defect in the information or commitment; nor is there any legal impediment against a subsequent indictment for the same offense after discharge on habeas corpus. Hinds v. Parker, 11 App. Div. 327, 42 N. Y. Supp. 955.

Discharge on habeas corpus, being merely from custody, and not from the penalty, does not operate as an acquittal, and is not a bar to a subsequent indictment. 12 Cyc. 276. The rule is the same in civil actions, and relief from custody under former orders of arrest does not entitle a person so discharged on the ground of illegality in the final order, judgment, or other mandate, to be afterward discharged where he has been again imprisoned by virtue of a lawful judgment, or other mandate, for the same cause of action. People ex rel. Clark v. Grant, 13 Civ. Proc. R. 183, 193. The Code (section 2050) relieves one discharged on habeas corpus from being again "imprisoned, restrained or kept in custody for the same cause." The express exceptions, however, contained in the same section, permit rearrests *"for the same offense"* where the discharge on habeas corpus was "for defect in proof or for a material defect in the commitment." As stated, the complaints demurred to expressly allege that the discharge on habeas corpus was because the information "did not state facts sufficient to constitute a crime."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The second information, set forth in full in the complaints, alleges the commission of the same offense; but it is materially broader and very much more complete than the first one. I am not required to determine its sufficiency on this motion, but may, in view of the fact that the magistrate exercised jurisdiction and issued a warrant for the arrest of the accused thereon, assume that the second information is sufficient, at least until it is directly attacked, either on habeas corpus or in the proceeding itself. That attack has not been made. No proceeding seeking to set it aside has been taken, so far as the face of these complaints show. Hence we have for decision the plaintiff's contention that a second arrest for the same offense upon a new complaint or information is per se unlawful, after a discharge on habeas corpus for defect in a former complaint or information. If that were the law (and it certainly is not), then the pending actions to recover the penalty given by section 2051 of the Code are supportable.

[2] But more than a mere claim of a second arrest is necessary to support the actions. It must be shown that the second arrest is not only "for the same cause," but that it is illegal and not within the exceptions contained in section 2050; that is to say, it must appear that the discharge on habeas corpus was not for a defect in proof or in the commitment, for which reasons the second subdivision of the section cited expressly authorizes a second arrest and declares it not to be "the same.cause." I think the plaintiff was bound to negative the exceptions pointed out. Such is the rule of pleading. Hirshbach v. Ketchum, 5 App. Div. 324, 39 N. Y. Supp. 291; County of Steuben v. Wood, 24 App. Div. 442, 48 N. Y. Supp. 471. [3] "For the same cause" means, in my opinion, an imprisonment based upon the same information, a manifestly wrongful and illegal thing to bring to pass. In any event, it certainly does not mean the case of a new information followed by a lawful warrant, the sufficiency of both of which stands unchallenged, particularly where the complaint in the civil action for the recovery of the penalty alleges, as here, that the discharge on habeas corpus was because the first information set out insufficient facts to show the commission of a crime.

The complaints on their face show a second arrest on a new information, which, unattacked, stands as a legal right to make that arrest; and the penalty sought cannot, in my opinion, be recovered where the second arrest is not disposed of.

The demurrers are sustained in both actions, with costs, with leave to plaintiff to amend within 20 days on payment of the costs.

Demurrers sustained, with leave to plaintiff to amend within 20 days on payment of costs.