OPINION — AG — **** OKLAHOMA NATIONAL GUARD — CIVIL LIABILITY PROTECTION, NO CRIMINAL LIABILITY PROTECTION **** (1) TITLE 44 O.S. 1970 Supp., 72 [44-72], PROVIDES CIVIL LIABILITY PROTECTION FOR ALL MEMBERS OF THE OKLAHOMA NATIONAL GUARD; (2) SAID STATUTORY AUTHORITY PROTECTS SUCH GUARDSMEN WHILE PERFORMING THEIR ACTS IN ACCORDANCE WITH THE NORMAL DISCHARGE OF MILITARY DUTY; (3) SAID STATUTORY AUTHORITY DOES NOT PROTECT A GUARDSMAN FROM CRIMINAL LIABILITY; (4) SAID STATUTORY AUTHORITY REQUIRES THAT THE GUARDSMEN BE ORDERED TO DUTY BY THE GOVERNOR PURSUANT TO SAID STATUTORY AUTHORITY; (5) SAID STATUTORY PROTECTION LOGICALLY EXTENDS TO ALL ENLISTED AND COMMISSIONED MEMBERS OF THE OKLAHOMA NATIONAL GUARD, SUCH EXTENDED THROUGHOUT THE NORMAL CHAIN OF COMMAND. (LARRY L. FRENCH)
OKLAHOMA NATIONAL GUARD — CIVIL LIABILITY PROTECTION, NO CRIMINAL LIABILITY PROTECTION (1) Title 44 O.S. 72 [44-72] (1970), provides civil liability protection for all members of the Oklahoma National Guard; (2) said statutory authority protects such guardsmen while performing their acts in accordance with the normal discharge of military duty; (3) said statutory authority does not protect a guardsman from criminal liability; (4) said statutory authority requires that the guardsmen be ordered to duty by the Governor pursuant to said statutory authority; (5) said statutory protection logically extends to all enlisted and commissioned members of the Oklahoma National Guard, such extended throughout the normal chain of command. The Attorney General has considered your letter dated January 24, 1971, wherein you set out the following: ". . . Please be kind enough to render an opinion interpreting that portion of Title 44 O.S. 72 [44-72] of the Statutes of the State of Oklahoma that appear to give some civil and criminal protection to National Guardsmen for acts committed in the line of duty while under orders. I note that the Statute uses the term `civil prosecution' in connection with that protection. Please define `civil prosecution' and detail for me how much protection is afforded a guardsman under this Statute in a civil disorder situation. Is he protected from civil liability while acting under orders in line of duty? Is he protected from criminal liability while acting under orders in line of duty? Is he protected only while on duty under a state call, or is he also protected while in an inactive training status (weekend armory drills) or while on active duty for training (annual summer camp)? Does the statutory protection extend both up and down the chain of command?" Specifically pursuant to 44 O.S. 72 [44-72] (1961), you ask: (1) How much protection is afforded a guardsman? (2) Is a guardsman protected from civil liability while acting under orders in the line of duty? (3) Is a guardsman protected from criminal liability while acting under orders in the line of duty? (4) Is a guardsman protected only while on duty under a state call? (5) Does the statutory protection, if any, extend both up and down the chain of command? Title 44 O.S. 72 [44-72] (1970), provides as follows: "It shall be the duty of the Governor and he is authorized and required, in case of war, invasion, insurrection, or breach of the peace or imminent danger thereof or any forcible obstruction of the execution of the laws or reasonable apprehension thereof, and at all other times he may deem necessary to order on state duty the National Guard, or any part thereof. No member thereof who shall be ordered out for such duty shall be liable for civil prosecution for any act done by him in the discharge of his military duty on such occasion, and when the President of the United States shall make a call, order, or requisition for troops, the Governor shall first order into the service of the United States the organization and arms of the service specified in said requisition." (Emphasis added) The word "prosecution", when applied to legal proceedings, means to begin a civil action, Hirschbach v. Ketcham, 39 N.Y.S. 291, 293, 5 App. Div. 324
and further includes the commencing, conducting and carrying a suit to a conclusion in a court of justice, The Brazil, C.C.A. Ill., 134 F.2d 929, 930. "Civil prosecution" would therefore be restricted solely to civil litigation, there being no reference in Section 72 to any non-liability as to criminal prosecution. The amount of protection afforded is clearly indicated by the Statute which sets out: ". . .No member thereof who shall be ordered out for such duty shall be liable for civil prosecution for any act done by him in the discharge of his military duty on such occasion. . ." (Emphasis added) Notably, assuming the questionable act is within the discharge of military duty, the Guardsman would possess statutory protection from civil liability. Accordingly, acting in the discharge of his military duties would logically include acting under orders in the line of duty and such statutory protection would logically extend throughout the chain of command as the applicability of the Statute applies to all members of the Oklahoma National Guard, both enlisted and commissioned. "Duty" is defined as "a human action which is exactly conformable to the laws which require us to obey them", Black's Law Dictionary, 595 (4th Ed. 1951). Further, Section 72 pertains solely to a situation whereby the Governor orders National Guardsmen to duty, and the clear language of the Statute therefore excludes weekend training or summer camp so included as such activities constitute standard military operating procedures as required by enlistment or commission in the National Guard, and not by order of the Governor. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: (1) Title 44 O.S. 72 [44-72] (1970), provides civil liability protection for all members of the Oklahoma National Guard; (2) said statutory authority protects such guardsmen while performing their acts in accordance with the normal discharge of military duty; (3) said statutory authority does not protect a guardsman from criminal liability; (4) said statutory authority requires that the guardsmen be ordered to duty by the Governor pursuant to said statutory authority; (5) said statutory protection logically extends to all enlisted and commissioned members of the Oklahoma National Guard, such extended throughout the normal chain of command. (Larry L. French)