HOMMERT *v.* GLEASON.

*(Supreme Court, General Term, Second Department.    May 11, 1891.)*

1. JUDGMENT ON DEMURRER—FORM "ON THE MERITS."

    An interlocutory judgment, sustaining a demurrer to a complaint, may properly direct a dismissal of the complaint "on the merits" if plaintiff fail to file and serve an amended complaint and pay costs within 20 days.

2. JUDGE—LIABILITY FOR JUDICIAL ACTS.

    The mayor of a city, having by virtue of his office judicial authority to conduct examinations on criminal charges, refused to proceed with such an examination when the accused was brought before him, and adjourned the hearing to the following day, and held the accused to bail for his appearance on that day.    He also refused to accept bail tendered by the accused, or to accept any bail until after 24 hours, and directed that he be locked up until the following day.    *Held,* that the mayor was not liable in damages to the accused for such conduct, having acted in a judicial capacity, with jurisdiction of the person and the subject-matter.

Appeals from Queens county court.

Action by Oscar W. Hommert against Patrick J. Gleason.    Plaintiff appeals from an interlocutory judgment sustaining a demurrer to the complaint. Defendant appeals from an order, made on plaintiff's motion, striking the words "on the merits" out of the provision of the interlocutory judgment for a dismissal of the complaint on the merits if plaintiff failed to file and serve an amended complaint and pay the costs within 20 days.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*George A. Stearns,* for plaintiff.    *George W. Stephens,* for defendant.

DYKMAN, J.    The complaint in this action states that the defendant is the mayor of Long Island City; that the plaintiff was arrested by a police officer, charged with a violation of the excise law, and brought before the defendant for examination, and requested to have such examination at once, which the defendant refused, and refused to hear any evidence, and forthwith adjourned the hearing until 24 hours thereafter, and held the plaintiff to bail in the sum of $100 for his appearance before the defendant on the following day; that thereupon the plaintiff procured a bondsman, who duly executed a proper bond, but the defendant refused to release the plaintiff, and stated that he would take 24 hours to determine the sufficiency of such bail; that the plaintiff then offered to furnish another bondsman, but the defendant stated he would refuse to accept any bail until after 24 hours, and left the room, after having directed that the plaintiff be locked up until the following day.    The complaint charges the conduct of the defendant to have been willful and malicious, and with a purpose to injure the plaintiff.    The defendant demurred to the complaint upon the ground that it failed to state a cause of action, and the demurrer was sustained in the county court of Queens county, where the action was commenced, and now the case comes to us on appeal by the plaintiff from the judgment.    It also appears from the record that the interlocutory judgment entered upon the decision sustaining the demurrer provided for a dismissal of the complaint on the merits, provided the plaintiff

failed to file and serve an amended complaint and pay the costs within 20 days after the service of a copy of the first judgment. That provision being unsatisfactory to the plaintiff, he made a motion to strike out the words "on the merits," and the motion was granted, and the defendant appeals from that order. This last order is erroneous. If the plaintiff failed to avail himself of the privilege extended to him, and final judgment was entered upon the demurrer in favor of the defendant, it was final and conclusive upon the merits, and it was the legal right of the defendant to have it so entered. Upon the main question our conclusion is in favor of the judgment. The defendant, as mayor of Long Island City, was by virtue of his office a magistrate, (Code Crim. Proc. § 147, subd. 7,) and as such was clothed with judicial authority to conduct examinations upon criminal charges. Id. § 188. When, therefore, the plaintiff was brought before the defendant upon an arrest, he acquired jurisdiction of the person and the subject-matter, and what he did was done in the discharge of his judicial functions, and it is elementary law that no judge or magistrate can be held responsible in a civil action for a judicial determination, however erroneous. *Weaver* v. *Devendorf*, 3 Denio, 117; *Gas-Light Co.* v. *Donnelly*, 93 N. Y. 557. It appears, therefore, upon the face of the complaint that the defendant acted in a judicial capacity in what he did. He is entitled to the protection which the law affords to all judicial officers in the performance of the duties of their office, and cannot be made liable in this action. The order appealed from should be reversed, with $10 costs and disbursements, and the motion to amend the interlocutory judgment by striking out the words "on the merits" should be denied, with $10 costs, and the judgment appealed from should be affirmed, with costs.