Frances Naylor Henck, Respondent, *v.* William Barnes, Jr., Appellant, Impleaded with Others.

*Judgment — conclusive as to the law as well as facts — employment of an attorney by one partner — lease — agreement by the lessor to obtain sub-tenants for part of the demised premises — subsequent purchaser not bound by it.*

The judgment in an action in which questions of law alone are involved is as conclusive between the parties as the judgment in an action in which are involved issues of fact as well as of law.

One partner has power to employ an attorney to defend actions against the firm, and an answer served in behalf of the firm pursuant to such employment is binding upon all the members thereof.

In an action begun in the City Court of the city of New York to recover the rent due on August 1 and September 1, 1893, under a lease of certain real property, it appeared that the defendants, a firm, on August 26, 1892, leased a building in the city of New York for a term of years from the plaintiff's grantor, agreeing to pay an annual rent in equal monthly installments; that on the day of the execution of the lease plaintiff's grantor wrote a letter to the defendants wherein he agreed to find good tenants for all floors, except the two at the top of the building (the topmost floor of which the defendants proposed to occupy), at rents which were specified in the letter; that the plaintiff's grantor also agreed that if the building should not be fully rented he would allow any difference in the total rent to be paid by the terms of the lease until all of the building should be rented, and that the lessor subsequently conveyed the premises to the plaintiff and assigned the lease to the defendants to her. The defendant Barnes was not served with process in that action, but a verified answer was served on behalf of all the defendants, setting up as a defense that the plaintiff's grantor had failed to perform his promise in regard to finding tenants for the whole building, except the two top floors, to their damage.

On the trial of the action the defendants did not show, or offer to show, that when the plaintiff purchased the premises she had notice of the written agreement entered into by her grantor at the time of the execution of the lease, and it was held that said agreement to furnish tenants did not run with the land and did not bind the purchaser, and judgment was entered in favor of the plaintiff.

In an action brought to recover rent due under said lease, which had accrued subsequently to the judgment rendered by the City Court, the same defense was interposed on behalf of the defendant Barnes.

*Held,* that the judgment of the City Court was a bar to the defense sought to be interposed in this action; that it was immaterial whether the appellant Barnes was or was not personally served with process in the action brought in the City Court, his partners having been personally served and having interposed a verified answer on behalf of the firm;

That the agreement to furnish tenants did not run with the land and did not bind the plaintiff, who purchased without notice of its existence.

APPEAL by the defendant, William Barnes, Jr., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 19th day of October, 1894, upon the decision of the court rendered after a trial at the New York Circuit before the court without a jury.

*Henry G. Atwater* and *C. E. Coddington,* for the appellant.

*Edward S. Clinch,* for the respondent.

FOLLETT, J.:

This action was brought to recover rent due on a lease, all the defendants being personally served. Barnes and Richards answered separately, but Davison made default.

August 26, 1892, the defendants leased from James Adair, by a written contract, Nos. 10 and 12 Vandewater street, in the city of New York, for five years and eight months from September 1, 1892, agreeing to pay an annual rent of $8,000, in monthly payments of $666.66, in advance, on the first day of every month. It is recited in the lease that the lessees were doing business in New York city under the name of Godey Publishing Company. When the lease was entered into the lessor wrote and delivered the following communication to the lessees:

"NEW YORK, *August* 26, 1892.

" GODEY PUBLISHING CO.,

        " 21 Park Row, New York City.

" GENTLEMEN.— Referring to the premises Nos. 10 and 12 Vandewater street, which you have rented for $8,000 per annum for five years and eight months from September first, 1892,

"I will agree to find good tenants for all floors except the two at top of building. The topmost loft you propose occupying; for the loft next to the top I will provide a good tenant on a one-year lease dating from May first, 1893, at an annual rental of not less than $1,200. All said leases to sub-tenants to be made in your name and in terms suitable to your interests.

"I will secure for the remaining five floors and basement the following price on five-years' leases: $1,000 per annum for each of the three lofts directly under the two top lofts; $900 each for the

ground floor and loft next above it, and from $600 to $800 for the basement, or a total rent averaging as above.

"The tenants to be of good commercial standing and not engaged in business that would be detrimental to you. The building to be named after the style of your corporation.

"I will also agree that you shall not be called on to pay any rent until December first, 1892 (for the month of December), and the incoming sub-tenants are to have the same privilege if necessary.

"I will also agree that on December first, 1892, if the building is not fully rented according to the within terms, including the top floor, which you will occupy at the rate of $1,000 per annum, to allow you for any difference in your total rent until all is rented.

"I will also place a wire guard around the elevator car to make it suitable to carry both passengers and freight.

              "Yours truly,          JAMES ADAIR."

The lessees entered into possession of the demised premises and continued therein as partners until September 17, 1892, when the firm was dissolved and the members were incorporated under the laws of the State of New Jersey, under the name of Godey Publishing Company, since which the corporation has continued in possession of the premises. In November, 1892, the lessor conveyed the premises and assigned the lease to this plaintiff. In September, 1893, this plaintiff began an action in the City Court against all of the defendants to recover $1,333.32 rent due August 1 and September 1, 1893. The defendant Barnes was not served with process in in that action, but on the 2d of October, 1893, an answer was served in behalf of all of the defendants, which was duly verified by Paul M. Richards. In this answer the defendants admitted the execution of the lease; that they had been engaged in business as partners under the name of Godey Publishing Company, and alleged, as a defense, that Adair, the plaintiff's predecessor in title, had failed to perform the promises contained in the communication of August 26, 1892, to their damage in the sum of $656.65. On the trial of the action the defendants did not show, or offer to show, that the plaintiff when she purchased had notice of the communication of August 26, 1892, and it was held that the collateral personal contract of Adair did not run with the land and bind the subsequent pur-

chaser, and a judgment was ordered for the plaintiff which has not been reversed.

The present action was brought to recover $2,666.66, rent from January 1, 1894, to April 1, 1894, inclusive. As a defense, and by way of counterclaim, the defendants set up the agreement of August 26, 1892, and alleged that Adair had failed to perform it to the defendants' damage in the sum of $20,000, and also alleged that the plaintiff had full knowledge of the agreement before the lease was assigned to her. On the trial the defendants did not show, or offer to show, that the plaintiff had knowledge of the existence of the agreement of August 26, 1892, when she purchased the premises and took the assignment of the lease. The agreement of Adair and all of the facts which the defendants offered to prove on the trial of this action, were before the City Court in the action there tried, where it was held that the facts proved and offered to be proved constituted no defense to the action. The judgment of the City Court has the same effect as though the defendants had pleaded all of the facts in their answer by way of defense or counterclaim, and upon the plaintiff's demurrer it had been held that the facts pleaded were insufficient to constitute a defense and a judgment had been rendered for the plaintiff.

A judgment in an action in which questions of law are alone involved is as conclusive between the parties as a judgment in an action involving issues of fact as well as of law. (Bouchaud v. Dias, 3 Den. 238; Gould v. Evansville, etc., R. R. Co., 91 U. S. 526; Vanlandingham v. Ryan, 17 Ill. 25; Freem. on Judg. [4th ed.] § 267.)

The judgment of the City Court is a bar to the defense sought to be interposed in this action. The defendant Barnes sought to obviate the effect of this judgment by offering to show that he was not personally served with process in the City Court, but he did not offer to prove that his two partners were not served, nor that Richards did not serve a verified answer in behalf of all the defendants. One partner has power to employ an attorney to defend actions brought against the firm, and an answer served in their behalf is binding upon all the firm.

Apart from the question of estoppel we think the facts the defendants offered to prove did not constitute a defense. The

agreement of Adair was a mere collateral personal undertaking which did not run with the land or bind the subsequent grantee, the plaintiff, who purchased without notice. (*Tallman* v. *Coffin*, 4 N. Y. 465; Taylor L. & T. § 444; 2 Platt on Leases, 413.)

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment affirmed, with costs.