George J. Keyes, Appellant, *v.* C. Walter Smith et al, Respondents.

1. Practice — When Judgment Entered upon Decision Made at Close of Plaintiff's Case Constitutes Judgment on the Merits. Where upon the trial of an action in equity to reform an assignment of certain policies of insurance, upon the ground of the "mutual mistake of the parties thereto," and because of "false and fraudulent statements" made by one of the defendants, the latter offered no evidence at the close of plaintiff's case, but moved for a dismissal of the complaint upon the ground that there was no evidence of mutual mistake or fraud, on which motion no ruling was made, but subsequently a decision was rendered and expressed in findings in conformity with section 1022 of the Code of Civil Procedure, that there had been an absolute sale of the policies in question, that the assignment was not the result of any mutual mistake, or of fraud, and that, as a legal conclusion, a designated defendant was entitled to hold the moneys received upon the policies and to a dismissal of the complaint, and judgment was entered in accordance therewith, such judgment is not a nonsuit, but a judgment on the merits, although the judgment itself does not declare that the dismissal was upon the merits, where an inspection of the judgment roll of which the decision forms a part (Code Civ. Pro. § 1022) clearly discloses that such was the result of the trial and that settles the finality of the judgment. (Code Civ. Pro. § 1209.)

2. Same — When Excepting to Findings and Conclusions Contained in Decision Directing Dismissal of Complaint Constitutes Waiver of Right to Insist That Judgment Is a Nonsuit. Where the plaintiff merely excepted to the unfavorable findings of fact and conclusions of law he thereby waived his right to insist that there had not been a trial and a determination of his whole issue with the defendant; he should have moved the court to correct the judgment roll in that respect, and the court, could have ordered, if holding that there had been an error, an amendment of the record; having failed to do this, he is debarred from raising the question upon appeal.

*Keyes* v. *Smith*, 94 App. Div. 614, affirmed.

(Argued December 13, 1905; decided January 9, 1906.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 28, 1904, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William De Graff* for appellant. The dismissal of the complaint was equivalent to a nonsuit, and if there was any evidence tending to sustain the alleged cause of action it was error to dismiss it. (*Forbes* v. *Chichester*, 125 N. Y. 769; *Raabe* v. *Squier*, 148 N. Y. 81.)

*William W. Webb* for respondents.

GRAY, J. The action was brought to reform a written instrument, which had been executed by the defendants and one Henry C. Munn, upon the ground of the "mutual mistake of the parties thereto," and because of the "false and fraudulent statement" made by the defendant Smith to said Munn. The instrument assigned absolutely to Smith certain policies of insurance and the complaint alleged that the assignment was, really, intended as collateral security for the repayment of certain advances. The record of the trial shows that, upon the conclusion of the plaintiff's case, the defendant moved for the dismissal of the complaint, upon the ground that there was no evidence of mutual mistake, or of fraud. No ruling was made at the time; but, subsequently, findings were formulated by the court; in which, among other things, the fact was found that the instrument in question was not "made or induced by any fraud, or false, or fraudulent statement, and there was no mutual mistake of the parties" and the conclusion of law followed that "the complaint must be dismissed." The plaintiff filed exceptions to some of the findings and to the conclusion of law, and appealed from the judgment to the Appellate Division, in the fourth department, where it was affirmed unanimously.

The unanimous affirmance of the judgment recovered by the defendants precludes any further review by this court of the evidence, as we have had occasion, repeatedly, to announce. An affirmance by the Appellate Division, when ordered with the concurrence of all of the justices sitting, is sufficiently

explicit within the meaning of the Code, (§ 191, subdiv. 4);
which embodies a provision of the Constitution of the state.
(Art. 6, sec. 9; *Commercial Bank* v. *Sherwood*, 162 N. Y.
310; *People ex rel. Manh. Ry. Co.* v. *Barker*, 152 ib. 417.)
The findings of fact must be taken by this court to be true
and they are beyond our power to question, whether as being
without evidence to support them, or as against the evidence.

It is argued that there was no judgment on the merits and
that the disposition of the case at the Trial Term amounted,
only, to a nonsuit. I do not think so. The action was
brought on the equity side of the court and upon the plain-
tiff's evidence, given through witnesses and through docu-
ments, the decision was made, and expressed in findings, that
there had been an absolute sale of the policies in question to
the defendant Smith; that the instrument of assignment was
not the result of any mutual mistake, or of fraud, and that, as
a legal conclusion, the defendant Smith was entitled to hold
the moneys received upon the policies and to a dismissal of
the complaint. No ruling had been made upon the defend-
ants' motion for the dismissal of the complaint, when the
plaintiff rested his case, at the trial, and the decision of the
court was given as required by section 1022 of the Code of
Civil Procedure upon a trial of the whole issue of fact.
The defendants were not obliged to introduce any evidence,
if they considered that the evidence adduced by the plaintiff
sufficiently established their defense to his complaint. They
had the right to leave the case to be decided by the trial
judge upon the facts appearing from what evidence was in
and upon his decision a judgment was entered, which
adjudged that the complaint must be dismissed. Although
the judgment, itself, does not declare that the dismissal was
upon the merits, yet an inspection of the judgment roll,
of which the decision of the court forms a part, (Code Civ.
Pro. § 1022), would make it clearly appear that such was the
result of the trial and that settles the question of the finality
of the judgment. (Code § 1209.)

A difficulty with the plaintiff's, successfully, insisting that

the court should treat the decision of the trial court as one of a mere nonsuit is in his own treatment of the case. He duly excepted to the unfavorable findings of fact and conclusion of law and, thereby, waived his right to insist that there had not been a trial and a determination of his whole issue with the defendants. He did not move the court to correct the record of the judgment roll in that respect. With its inherent power over its judgment, the court, if holding that there had been an error, could have ordered an amendment of the record. If the plaintiff believed that he had been prejudiced by the trial court's disposition of the case, then his failure to take that step debars him from raising that question upon appeal. (See *Woodbridge* v. *First Natl. Bank,* 166 N. Y. 238, 242 and cases discussed.)

In this case, I do not think, in view of the unanimous affirmance of the judgment, that this court has any power to review the findings of fact, which have conclusively disposed of the questions raised by the pleadings, and the discussion of what precedes has been useful, only, perhaps, to settle a question of practice.

No other objection, which the plaintiff has argued, demands our consideration and, therefore, the judgment should be affirmed, with costs.

CULLEN, Ch. J., O'BRIEN, BARTLETT, HAIGHT, VANN and WERNER, JJ., concur.

Judgment affirmed.