including Jefferson county, was entitled to the letters, in the absence of the widow and next of kin, in preference to the petitioner.

[1] I have examined with care the elaborate briefs submitted and the authorities cited by counsel. It seems to me that Rocca v. Thompson, 223 U. S. 317; 32 Sup. Ct. 207, 56 L. Ed. 453, the case chiefly relied upon by petitioner's counsel, is not in point, because the treaty with Sweden, which is invoked here by the respondent under the most-favored nation clause of the treaty with Italy, was not under consideration as the treaty relied upon by the Italian consul in that case. There the Argentine treaty was under consideration, and it was held that the language used did not give the consul right to be appointed administrator, but only "the right to *intervene* in the possession, administration, and judicial liquidation of the estate of the deceased for the benefit of the creditors and legal heirs," and it was held that this language did not authorize or provide for the appointment of a consular officer as administrator of the estate of any decedent mentioned therein. And Mr. Justice Day jointed out in the opinion that, had it been the intention of the high contracting parties to commit the administration of estate of citizens of one country dying in another, exclusively to the consul of the foreign nation, it would have been very easy to have declared that purpose (in the Argentine treaty) in unmistakable terms, and then cites the language employed in the treaty with Sweden as an instance when that was the purpose, and the language used, "And moreover have the right to be appointed administrator of such estates," was unmistakable in meaning. Since the decision in Rocca v. Thompson, several decisions in this state have been rendered in harmony with these views, viz.: In re Baglieri et al., 137 N. Y. Supp. 175; In re Madaloni, 79 Misc. Rep. 653, 141 N. Y. Supp. 323; In re Ricardo, 140 N. Y. Supp. 606 (Herkimer County); In re Lombardi (Costello), 138 N. Y. Supp. 1007 (Schenectady County).

[2] It follows, therefore, that the application must be denied. If it appears that there are creditors of the decedent in this state, the administrator should give a proper bond.

---

(80 Misc. Rep. 182.)

### POLLAK v. DODGE MFG. CO.

(City Court of New York, Trial Term.   March, 1913.)

DISMISSAL AND NONSUIT (§ 58*)—DISMISSAL ON THE MERITS.

    Where a demurrer to a complaint was sustained, and the decision was affirmed on appeal, with leave to plaintiff to amend on payment of costs, and plaintiff failed so to do, a motion for a judgment of dismissal "on the merits" will be granted.

    [Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 134–139; Dec. Dig. § 58;* Pleading, Cent. Dig. § 1078.]

Action by Henry Pollak against the Dodge Manufacturing Company.   On motion by defendant for final judgment on demurrer.   Motion granted.

See, also, 78 Misc. Rep. 350, 138 N. Y. Supp. 429.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Ferguson & Ferguson, of New York City, for plaintiff.
Marshall B. Clarke, of New York City, for defendant.

FINELITE, J.   This is a motion made by the defendant for final judgment on a demurrer.   The action was predicated on fraud, and the plaintiff's complaint alleged false representations made by the defendant as to its financial condition.   Defendant demurred to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action.   The demurrer was sustained by one of the justices of this court.   Plaintiff appealed to the Appellate Term of the Supreme Court from the interlocutory judgment entered on that decision.   The Appellate Term affirmed said judgment and sustained the demurrer, with leave to the plaintiff to serve an amended complaint within six days after notice of entry of judgment.   The order had been duly served.   The plaintiff not having paid the costs within the time limited, this motion is made for final judgment dismissing the complaint upon the merits.

The only question to be decided on this motion is whether defendant is entitled to a dismissal "on the merits," and this motion is made to have that question determined.   By sustaining the demurrer to the complaint in this court, the Appellate Term held in effect that the plaintiff had alleged no cause of action, and an opportunity was granted to him to state a cause of action in an amended complaint, but he failed to avail himself of that opportunity.   It may now be presumed that he has had his day in court, and the defendant is entitled to final judgment.   The question is, Should it be considered res adjudicata and prevent the bringing of another action?   There seems to be authority to sustain defendant's contention.   See the case of Hommert v. Gleason, 14 N. Y. Supp. 568,[1] 20 Civ. Proc. R. 349, which was a decision of the General Term of the Supreme Court, Second Department, wherein the court held:

"Where a demurrer to a complaint is sustained on the ground that sufficient facts are not stated, the interlocutory judgment may properly provide for a dismissal of the complaint on the merits, in case the plaintiff fails to pay costs and serve an amended complaint within the time therein named."

In Whiting v. City of New York, 37 N. Y. 600, which was an appeal from the General Term of the Court of Common Pleas for the City and County of New York, where a judgment was entered in favor of the plaintiff, the demurrer to the complaint had been affirmed. This was an equitable action by the plaintiff against the mayor, aldermen, and commonalty of the city of New York, to restrain the defendants from altering the established grade of Worth street, in this city.   The defendants demurred to the complaint, but their demurrer was overruled, with leave to answer.   They declined to answer, and took an appeal from the judgment; and, the same having been affirmed at General Term, they further appealed to the Court of Appeals.   On the argument the appellants urged that, if the judgment should be affirmed, leave should now be given to them to answer the

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 60 Hun, 579.

complaint.   The court per curiam held (the judgment having been ordered to be affirmed upon the pleadings):

"Where a pleading is sustained, the demurrer being overruled, and leave is given to answer the pleading, the demurrant is put to his election to answer over or submit to judgment; and if he submit to judgment, the answer is final."

See Hirshbach v. Ketchum, 79 App. Div. 561, 80 N. Y. Supp. 143; Alley v. Nott, 111 U. S. 472, 4 Sup. Ct. 495, 28 L. Ed. 491; Henck v. Barnes, 84 Hun, 549, 32 N. Y. Supp. 840, cited in Clark v. Scovill, 133 App. Div. 821–824, 118 N. Y. Supp. 235.   And under section 1209 of the Code of Civil Procedure:

"A final judgment, dismissing the complaint, either before or after a trial, rendered in an action hereafter commenced, does not prevent a new action for the same cause of action, unless it expressly declares, or it appears by the judgment roll, that it is rendered upon the merits."

Therefore, by the insertion of the words "upon the merits," it does not in any manner interfere with the decision sustaining the demurrer which was affirmed by the Appellate Term.   The plaintiff to all appearances had abandoned the case, and he failed to take advantage of the order made at the Appellate Term for leave to plead over and pay the costs.   He now asserts that he did not intend to serve an amended complaint or pay the costs, but that the matter could go to final judgment, as he intended to commence a new action in the Supreme Court to recover the amount claimed for in this action.   The final judgment may therefore be corrected, by adding thereto the words "upon the merits" (Hebblethwaite v. Flint, 83 App. Div. 163, 82 N. Y. Supp. 471; Hirshbach v. Ketchum, supra; Alley v. Nott, supra; Henck v. Barnes, supra), and the defendant has sought the proper remedy by applying at this time at Special Term for that purpose.

There is quite a distinction between an interlocutory judgment wherein a demurrer has been sustained to a pleading and an action triable before a court and a jury.   In the latter instance a judgment cannot be regarded as having been rendered on the merits unless the court was authorized to consider the merits, and the fact that the court in dismissing the complaint did not enter the judgment without prejudice to a new action does not estop the plaintiff from asserting that the judgment was not upon the merits, or require him to correct it before bringing a new action.   A decision upon a dismissal of a complaint upon the failure of the plaintiff to prove a cause of action is in effect a nonsuit (Molloy v. Whitehall P. C. Co., 116 App. Div. 839, 102 N. Y. Supp. 363; Martin v. Cook, 14 N. Y. Supp. 329,[2] affirmed 142 N. Y. 654, 3 N. E. 569; Card v. Meincke, 70 Hun, 382, 24 N. Y. Supp. 375; Knight v. Sacket & Wilhelms Co., 19 N. Y. Supp. 712), and is not a bar to another action on the same cause of action.

The motion to amend the interlocutory judgment must therefore be granted, by inserting therein: "Judgment in favor of the defendant upon the merits."   Settle order on one day's notice.

Motion granted.

2 Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 60 Hun, 577.