(166 App. Div. 328)

STALEY v. MURRAY et al.  (No. 21/63.)

(Supreme Court, Appellate Division, Third Department.  March 3, 1915.)

1. JUDGMENT ⬸642—CONCLUSIVENESS—EFFECT OF APPEAL.

If a judgment in a mortgage foreclosure in itself would not prevent an action on the mortgage, affirmance thereof in the Appellate Division and in the Court of Appeals could give it no greater effect; there being nothing to show that either court passed on any question, except the one on which the judgment below was granted.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1156; Dec. Dig. ⬸642.]

2. MORTGAGES ⬸497—FORECLOSURE—CONCLUSIVENESS OF JUDGMENT.

A judgment roll in a mortgage foreclosure showed a complaint in ordinary form, an answer admitting execution of the bond and mortgage and otherwise denying, that plaintiff produced the mortgage and showed evidence computing the amount, that defendant's motion for nonsuit was denied, and that the court made findings, the last of which was: "No proof was offered to show the amount due and unpaid on the bond and mortgage, or for what amount a cause of action accrued, or what cause of action the plaintiffs had at the time of trial. And I do find

and decide that the complaint be dismissed." *Held*, that the form of the judgment, whether it be considered a judgment of nonsuit or a judgment on the rights, was immaterial as to its conclusiveness, as the judgment was in effect a holding that the burden of proof as to payments was on plaintiff, and that there was an absence of such proof, on account of which recovery could not be had, and it did not preclude another action on the mortgage under Code Civ. Proc. § 1209, declaring that a final judgment dismissing the complaint does not prevent another action, unless it expressly declares or shows by the judgment roll that it is rendered on the merits.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1469, 1471–1473; Dec. Dig. ⚖➔497.]

3. APPEAL AND ERROR ⚖➔1073—HARMLESS ERROR—APPEAL FROM RULING WITHOUT PREJUDICE.
  As such judgment did not preclude another action on the mortgage, whether or not the findings were in the judgment roll, the defendant was not harmed by the granting of an order to strike the findings, which might consequently be affirmed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4240–4247; Dec. Dig. ⚖➔1073.]

Woodward, J., dissenting.

Appeal from Trial Term, Fulton County.

Action by Jacob W. Staley, as surviving executor of Jacob Staley, deceased, against Michael D. Murray and others, to foreclose a mortgage. From an order striking out the finding of fact, exceptions thereto, and judgment, and directing a judgment of nonsuit, and from a judgment of a nonsuit entered pursuant to the order, defendants appeal. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Dudley & Dennison, of Johnstown (Alfred D. Dennison, of Johnstown, of counsel), for appellants.

Horton D. Wright, of Gloversville, for respondent.

JOHN M. KELLOGG, J. The judgment in this action of foreclosure dismissed the plaintiff's complaint. Another action was brought to foreclose the same mortgage, and the trial court held that the judgment in the former action was an adjudication of the rights of the parties, and that therefore the plaintiff could not recover. Thereupon the plaintiff made a motion, and obtained the order appealed from, at a Special Term held by the judge before whom the first trial was had, striking from the judgment roll in that action the findings and decision, and directing that a judgment of nonsuit be entered in place of the judgment entered; said judgment of nonsuit to show that the dismissal was not upon the merits.

A final judgment dismissing a complaint does not prevent a new action for the same cause, unless the judgment expressly declares, or it appears by the judgment roll, that it is rendered upon the merits. Code Civ. Proc. § 1209. The judgment does not state that it is upon the merits. The question therefore is: Does it appear by the judgment roll that it was rendered upon the merits? In other words, does it appear that it has been determined that the plaintiff has no cause

of action upon the mortgage? The judgment roll shows just what was decided. The complaint was the ordinary one in foreclosure. The answer admitted the execution of the bond and mortgage, and, upon information and belief, denied the other allegations of the complaint. The plaintiff produced the mortgage and evidence, computing the amount and showing that the bond could not be found. The record continues:

"Plaintiff rests. Defendant's motion for a nonsuit was denied. The court made findings of fact and conclusions of law, which were filed. The findings show that a bond accompanied the mortgage. The material finding is: 'Ninth. No proof was offered upon the trial to show the amount due and unpaid upon the bond and mortgage referred to in the complaint, or for what amount a cause of action accrued, or what cause of action the plaintiffs had at the time of the trial. And I do find and decide as matter of law as.follows: That the complaint of the plaintiffs herein be dismissed, with costs and disbursements.' "

[1] There was no finding that the mortgage had been paid, or that for any reason it was not an enforceable obligation. The case went off upon a question of practice, namely, whether the plaintiff could recover without proof that the debt is unpaid. The question was not free from doubt, but the court evidently construed Conkling v. Weatherwax, 181 N. Y. 258, 73 N. E. 1028, 2 Ann. Cas. 740, as casting upon the plaintiff the burden of proof on the question of payment. I am able to state, as a member of this court who participated in the decision, that no other question was considered here, and we may infer that the Court of Appeals found no other question in the case. If the judgment in itself would not prevent a second action upon the mortgage, the affirmance of the judgment in the Appellate Division and the Court of Appeals could give it no greater effect. There is nothing to show that either court passed upon any question, except the one whether it was necessary for the plaintiff to show nonpayment affirmatively. We quote from Clark v. Scovill, 198 N. Y. 279, 283, 91 N. E. 800, 801:

"The judgment roll is the primary, but not the exclusive, guide to determine the question, and when it appears therefrom that the judgment might have been rendered on the merits, or upon a ground not involving the merits, the presumption is that it was not upon the merits, and the burden is upon the one who claims it as a bar to show by extrinsic evidence consistent with the judgment roll that it was in fact rendered on the merits."

[2] If a formal nonsuit had been granted, the court would necessarily have determined that the burden of proof of nonpayment rested upon the plaintiff and that he had produced no evidence upon that subject. While findings were made, they involve the same determination, and none other. The question is one of substance, and not of name. We are therefore discussing technicalities when we consider whether this is a judgment of nonsuit or a judgment upon the merits. The effect in any event is the same. The fact that findings were made is quite immaterial, and is only important as showing what the court decided. Instead of finding that the mortgage was paid, we have a finding, in substance, that there is an absence of proof on that subject. The judgment, therefore, only establishes that no proof was offered on that subject, and for that reason a recovery could not be had.

It is urged that Keyes v. Smith, 183 N. Y. 376, 76 N. E. 473, and Oakes Mfg. Co. v. City of New York, 206 N. Y. 221, 99 N. E. 540, 42 L. R. A. (N. S.) 286, are opposed to these views. Properly understood, those cases only emphasize the rule we are contending for. In the Keyes Case the action was brought to reform the assignment of a written instrument, absolute upon its face; it being claimed that it was only intended as collateral, and that by mistake and fraud it took its form. The defendant moved for a nonsuit at the close of the plaintiff's case. Formal findings of fact were made by the court. It was found as a fact that the instrument was not made or induced by any fraud, or false or fraudulent statement, and that there was no mutual mistake of the parties, and as a conclusion of law the complaint was dismissed. The plaintiff sought a reversal upon the ground that there was some evidence, and therefore a nonsuit was improper. The Court of Appeals found that there were findings upon all the questions at issue, and therefore the judgment could not be treated as a nonsuit, and it could not review the facts, but must affirm the judgment; that the plaintiff had mistaken his remedy, and instead of appealing should have applied to correct the judgment, if it was erroneously entered. In the Oakes Case the trial court intimated that there should be a nonsuit, but made findings involving the merits of the case. The following quotation from the opinion of the Court of Appeals (206 N. Y. page 225, 99 N. E. page 540, 42 L. R. A. [N. S.] 286) indicates the effect of its decision:

"Unfortunately, however, for the plaintiff, it and the defendant decided to submit requests for findings, and those submitted by the former, numbering 37 requests to find facts and several request to find conclusions of law, were all passed on by the trial justice, and the result was that, between passing on those requests and various others which I understand to have been submitted by the defendant, findings were made generally on the merits of the action, and on which a judgment was entered dismissing the complaint."

The decision in those cases, therefore, proceeded upon the ground that the findings as made actually disposed of the merits of the case. [3] If the findings in the case at bar had been that the mortgage had been paid, it would be a final determination between the parties so long as that finding remained in the record. The fact that findings were made is, therefore, not in itself very material; the important question is: What are the findings? Do they show that the same matter now before the court was decided in the former case? A judgment is res adjudicata only as to the matters decided. The trial judge, at Special Term, has granted the motion to strike out the findings, upon the ground that his determination in fact was a nonsuit and not a trial. As we have said, it is immaterial what it is called. The effect of it is that the plaintiff was nonsuited, because he offered no evidence upon the only issue before the court, and the decision was placed solely upon that ground. I think the former judgment is not a bar to this action, and that this motion was entirely unnecessary. Nevertheless it was made, and was decided against the appellant. But it does no harm. The effect of the judgment, with the findings out or in, is the same. He is therefore not aggrieved by the decision. Courts are organized to decide actual controversies between the par-

ties, and the appellate court is to correct prejudicial errors, if any, made by the trial court. It has no interest in correcting errors which are not of substantial importance. It grants relief only to a party aggrieved. Its duty is performed if it disregards technical errors and only passes judgment upon questions which affect the substantial rights of the parties. Sitting at Special Term, I should have denied the motion, upon the ground that the amendment is unnecessary. The court held otherwise, and it is immaterial whether its decision was technically right or wrong, so long as it does not affect any substantial rights of the parties. It imposes no costs. The appellant will have no benefit from a reversal of the order.

I favor an affirmance, without costs. All concur, except

WOODWARD, J. (dissenting). In the month of August, 1907, the plaintiff, with his coexecutor, Joseph Shaw, who has since died, commenced an action for the foreclosure of a mortgage, dated June 22, 1905, in the sum of $600, due in six months, payable to Jacob Staley, now deceased, and represented in this action by his executors. The complaint in the action alleged that a bond accompanied the mortgage; but the plaintiff failed to produce the bond upon the trial. The defendants appeared, admitted the making and execution of the bond and mortgage, the delivery of the same, and the recording of the mortgage, and denied all of the other material allegations of the complaint. The issues thus formed came on for trial before a justice of this court, without a jury. The plaintiff produced the mortgage, made a computation of the interest due thereon, and rested. The defendant offered no evidence. The learned court made findings of fact, covering the formal matters involved in the pleadings, and in the ninth finding it was found that:

"No proof was offered upon the trial to show the amount due or unpaid upon the bond and mortgage referred to in the complaint, or for what amount a cause of action accrued, or what cause of action the plaintiffs had at the time of the trial."

And it was found and decided as a matter of law:

"That the complaint of the plaintiffs herein be dismissed, with costs and disbursements of this action in favor of the defendant Michael D. Murray, to be taxed by the clerk of Fulton county. Let judgment be entered accordingly."

The judgment entered upon this decision provided that:

It is "adjudged and decreed, pursuant to and in accordance with said findings and decision of said court, hereinbefore stated, that the complaint of the plaintiffs be, and the same hereby is, dismissed, and that defendant Michael D. Murray have and recover judgment of and from the said plaintiffs, his costs and disbursements in this action, taxed at the sum of $60.07, and that the said Michael D. Murray have execution therefor."

The plaintiffs filed exceptions to the findings of fact, and appealed to the Appellate Division of the Supreme Court; the case and exceptions being made up in the usual manner, and containing a statement that the motion of the defendants for a nonsuit was denied. The judgment was affirmed by the Appellate Division, and on a subsequent appeal to the Court of Appeals the judgment was again affirmed, and

on the 18th day of February, 1911, the judgment of affirmance was entered by consent. Subsequently, and on or about the 20th day of May, 1913, a second action was commenced to foreclose this same bond and mortgage, and the learned court before whom the trial came on has held that this judgment is res adjudicata, and has dismissed the complaint, and an appeal from the judgment in the second cause of action is now pending.

Confronted with this situation the plaintiff, as surviving executor, moved this court at Special Term for an order—

"opening and setting aside the judgment entered in this action on the 21st day of October, 1907, dismissing the plaintiff's complaint, and permitting the plaintiff to serve an amended and supplemental complaint, a copy of which proposed amended and supplemental complaint is attached hereto, and for an order permitting the plaintiff to amend the said summons and complaint by striking out the name of James A. Williamson, as treasurer, as a party defendant, and for the bringing in as parties defendant the Amsterdam Savings Bank and the Johnstown Bank, and for an order correcting the judgment and findings of fact herein by inserting a provision that said decision and judgment was not on the merits, but was a nonsuit because the plaintiff failed to prove his cause of action."

This motion was granted to the extent that it was ordered that the findings of fact and decision, and the judgment in this action, dated the 21st day of October, 1907, and the exceptions thereof filed by the plaintiff to said findings of fact, be and the same hereby are stricken from said judgment roll and from said action, and that:

"A judgment of nonsuit be entered in place of said judgment; said judgment of nonsuit to show that said dismissal was not upon the merits."

A judgment complying with this order has been entered, and the defendants appeal to this court from the order, and from so much of the judgment as changes the form and substance of the original judgment. This is certainly a most remarkable proceeding, and, if it is within the law, it is difficult to understand when a judgment is conclusive upon the parties. I shall not undertake to determine at this time whether the judgment as entered and approved on appeal constituted a nonsuit or a dismissal of the complaint upon the merits; that is a question of law to be disposed of upon the appeal in the second action. It may, however, be proper to point out that under the provisions of section 1209 of the Code of Civil Procedure a—

"final judgment, dismissing the complaint, either before or after a trial, rendered in an action hereafter commenced, does not prevent a new action for the same cause of action, unless it expressly declares, or it appears by the judgment roll, that it is rendered upon the merits."

It is not expressly declared in the judgment as originally entered that it is upon the merits, and the Court of Appeals, in Clark v. Scovill, 198 N. Y. 279, 91 N. E. 800, distinctly held that a judgment is not a bar to a subsequent action for the same cause when the verdict on which it is entered might have been directed on the merits. The true rule is that it is not a bar unless it must have been directed on the merits, and that while the judgment roll is the primary, but not the exclusive, guide, and when it appears therefrom that the judgment might have been rendered on the merits, or upon a ground not in-

volving the merits, the presumption is that it was not upon the merits, and the burden is upon the one who claims it is a bar to show by extrinsic evidence, consistent with the judgment roll, that it was in fact rendered on the merits.

Assuming, however, for the purposes of this appeal, that the judgment as originally entered was a judgment upon the merits, and that the trial court, before the judgment of affirmance was rendered in the appellate court, might have corrected the record to make it conform with the intent of the trial justice, which he tells us was that it should be a nonsuit, what is the position of the plaintiff after the judgment has been affirmed by the Appellate Division and the Court of Appeals, and the judgment of the latter court has been made the judgment of the Supreme Court? Is there still power in the Supreme Court to change the judgment thus finally approved on appeal, and make it something different from what it was originally? The plaintiffs, in their notice of appeal to the Appellate Division, made no complaint as to the form of the judgment; they made no contention that it was not a proper judgment under the findings of the court, but gave notice that they appealed "from the judgment of the trial court, herein," and also "from the findings and decision of the court in this action filed in the office of said clerk on the 11th day of April, 1908." They also gave notice that the—

"plaintiffs and appellants intend to bring up for review upon said appeal the exceptions taken upon the trial, and the admissions of evidence objected to by the plaintiffs; also exceptions taken to the exclusion of evidence offered by the plaintiffs, above named; also the exceptions taken by the plaintiffs and appellants to the findings of the court duly filed in the office of the clerk," etc.

The situation presented by the appeal was this: The plaintiffs had suffered a defeat, as appears by the findings of the court, because they had failed to produce proof "to show the amount due or unpaid upon the bond and mortgage referred to in the complaint, or for what amount a cause of action accrued, or what cause of action the plaintiffs had at the time of the trial," and they appealed from this finding, and from the decision of the court, and incidentally urged certain alleged errors in the receiving and excluding of evidence. The plaintiffs insisted that the court had erred in reaching these conclusions; they said upon the case they had made, in connection with the matters which they were prevented from showing by evidence, or which had been improperly permitted to enter into the controversy, the plaintiffs were entitled to recover, and that it was the duty of the appellate courts to reverse the judgment dismissing the complaint, and to permit the plaintiffs to recover in a new trial. In other words, their contention on appeal was that, while there had been a trial of the issues presented by the pleadings, the learned court at Trial Term had erred in the application of the law to the case, and that they were entitled to a ruling that, upon a proper trial of the action, they would be entitled to recover. They presented questions of law to the appellate courts upon the assumption that the facts before the trial court, supplemented by those which they claimed to be able to prove, and with the exclusion of those which they contended were improperly in the case, would give them a right to succeed in the action, and

both appellate courts held that the plaintiffs had failed to establish the essential facts, and that there was no error in the conduct of the trial, so that at the time the present motion was made it was established, so far as a final adjudication can establish anything, that the plaintiffs, upon their theory of the case, were not entitled to recover. There was an adjudication upon the merits of the case, because the plaintiffs were not willing to accept the determination of the trial court.

The case as it went to the appellate courts was substantially the same as though the court had dismissed the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. Conceding all of the facts which were· proved, and which it was claimed could have been proved, as well as excluding all that the plaintiffs contended should have been excluded, there was a question of law for the court, just as would have been the case on demurrer, and when that appeal was determined, and the judgment of affirmance had been made the. judgment of the Supreme Court, the law· was fully established that the plaintiffs were not entitled to recover upon the best state of facts which they claimed to be able to present. Whatever might be said of the effect of the original judgment, had it remained unchallenged by the plaintiffs, it became essentially a new judgment upon the merits of the law questions involved when it had made the circuit of the appellate courts, and the final judgment became merged in the original judgment; and if there is any power in the court at Special Term to change a judgment upon a question of law, thus fully established by the appellate courts, I am not aware of it. The trial court could have made the original judgment one of nonsuit if it had been so disposed. Indeed, under the provisions of section 1209 of the Code of Civil Procedure, I am of the opinion that this was the effect of the judgment in the case as it existed prior to the determination of the appeal; but the judgment which the learned court at Special Term has attempted to transform is not the original judgment, holding in effect that the plaintiff had failed to establish the facts necessary· to a cause of action, but is the judgment of the Court of Appeals that, upon any state of facts which the plaintiffs claimed to be able to establish, they were not entitled to recover. To permit this order to stand is to concede the power of the court at Special Term to reverse the Court of Appeals, and to permit the plaintiffs to relitigate a question which they have already carried to the Court of Appeals upon their own theory of their right to recover.

A judgment in an action in which questions of law are alone involved is as conclusive between the parties as a judgment in an action in which are involved issues of fact as well as of law. Henck v. Barnes, 84 Hun, 546, 549, 32 N. Y. Supp. 840; Gould v. Evansville, etc., R. R. Co., 91 U. S. 526, 23 L. Ed. 416. A demurrer to a complaint because it does not state facts sufficient to constitute a cause of action raises an issue which involves the merits. Alley v. Nott, 111 U. S. 472, 4 Sup. Ct. 495, 28 L. Ed. 491. In St. John v. West, 4 How. Prac. 329, Judge Selden, considering the meaning of the word "merits" on appeals from orders, says that, if taken in its ordinary acceptation, it would seem to mean the abstract justice of the case, but that a proper legal definition would regard it as meaning the combined questions of

law and fact presented by the pleadings in the case, and he remarked that the word "merits," as a legal term, had acquired no precise technical meaning, and admits of some latitude of interpretation; but it is to be regarded as referring to the strict legal rights of the parties, as contradistinguished from those mere questions of practice which every court regulates for itself, and from all matters which depend upon the discretion or favor of the court. Hirshbach v. Ketchum, 79 App. Div. 561, 563, 80 N. Y. Supp. 143, 144.

In the case last above cited, upon a demurrer to a complaint upon the ground that it did not state facts sufficient to constitute a cause of action, the court held that the agreement upon which the plaintiff sought to recover was invalid, and filed a decision sustaining the demurrer and dismissing the complaint "upon the merits according to law," and this was held to be proper. The court at Special Term had made an order striking out these words, after .the original judgment had remained unappealed from for a period of five years, and the court say:

"The words stricken out were properly inserted, for the final judgment was on the merits.' The subject involved was the validity of the agreement which lay at the foundation of the plaintiff's cause of action. That being invalid, there was no claim, and every right which the plaintiff asserted fell with the adjudication of the invalidity of the agreement. * * * The final judgment entered upon the demurrer in this case, going as it does to the fundamental right of the plaintiff and determining that no right cognizable at law existed, was an adjudication on the merits, and, being so, that final judgment as entered was correct. The action of the court in granting this motion makes a new judgment and a different determination from that which was made on the trial of the issue in the cause. There is no doubt of the power of the court to amend a judgment by striking out the words 'upon the merits,' where it is clear that there was no authority or jurisdiction to enter a judgment containing those words, and where the only permissible judgment was one simply dismissing a complaint. Such was the case of Card v. Meincke, 70 Hun, 382 [24 N. Y. Supp. 375], but the courts have not gone so far as to say that a judgment rightfully rendered, and to which a party was entitled, may be set aside only. upon such a statement as was urged on the application now under consideration."

I can discover no distinction in principle between a final adjudication upon a demurrer, and a like determination by the court of last resort, where the plaintiff urges upon appeal all of the questions open to him. If the plaintiffs were not satisfied with the form of the original judgment, and simply desired to preserve their right to bring a new action, they could have moved the court to make the judgment clear upon the point now under consideration, or they could, by an appeal from the judgment, procure its amendment on appeal, for the law is well settled that the Appellate Division, upon appeal, has the power to do what the trial court should have done in the premises. That the courts would be bound to hold that a judgment on appeal would determine the case finally, and, in the absence of a saving provision, would conclude the party in a subsequent action, is clearly shown in the case of Arnold v. Rothschild's Sons Co., 23 App. Div. 221, 48 N. Y. Supp. 854. In that case a motion for a nonsuit was denied and the case went to the jury, resulting in a judgment in favor of the defendant. On an appeal from the judgment it was suggested that the simple af-

firmance of a judgment which rests upon a verdict for the defendant, where that affirmance is based upon the proposition that the case ought never to have been sent to the jury at all, places the plaintiff in a very unfortunate position; for, if the complaint had actually been dismissed, the plaintiffs would not be concluded on the merits, but might have brought another action and supplied the evidence which they lacked upon the trial of the present action, whereas, now, with a judgment against them founded upon the verdict, they are barred from maintaining any other suit on the same claim. The court in discussing this situation, say:

"It seems to me quite clear that where, upon such a record as this, it is manifest that the complaint ought to have been dismissed at the end of the case for the plaintiffs on the ground that the evidence in their behalf did not entitle them to any recovery whatever, this court possesses the power so to modify the judgment as to bring about the same result as would have followed a correct disposition of the motion to dismiss at the Trial Term, notwithstanding the fact that the cause was permitted to proceed to a verdict. Upon an appeal from a judgment or order, the Appellate Division of the Supreme Court 'may reverse or affirm, wholly or partly, or may modify the judgment or order appealed from.' Code Civ. Proc. § 1317. The power of the court to effect, by means of a modification of the judgment, the ends which ought to have been attained upon the trial, has repeatedly been asserted in the strongest terms. That the trial court could have modified the judgment upon the verdict in this case, so as to give it only the effect of a judgment upon a dismissal of the complaint at the end of the plaintiffs' case, can hardly be doubted. N. Y. Ice Co. v. N. W. Ins. Co., 23 N. Y. 357, 361; Bohlen v. M. E. R. Co., 121 N. Y. 546, 550 [24 N. E. 932]. This tribunal has the power in the furtherance of justice to do precisely what the Trial Term could have done in this respect. To that end we may modify the judgment in such a way as not to leave it conclusive against the plaintiffs in the event of their being able hereafter to produce sufficient evidence to sustain a recovery."

In this case the court modified the judgment by striking out the provision that "the complaint is dismissed upon the merits," and inserting therein a statement that it is dismissed with the same effect in all respects as though the defendant's motion to dismiss the same had been granted at the close of plaintiff's evidence, and, as thus modified, judgment affirmed, without costs. Haddock v. Haddock, 75 App. Div. 565, 566, 78 N. Y. Supp. 304, and authorities there cited.

In the instant case the defendant's motion for a nonsuit was denied, the case proceeded to judgment, and the plaintiff, making no suggestion that he might meet the requirement of more proof, carried the case through both appellate courts upon the theory that he had a right to recover upon the case which he was prepared to and did present to the trial court. The Appellate Division might, upon a proper suggestion, have treated the case as one which should have been dismissed on the defendant's motion; but the plaintiff appears to have waived this point and to have proceeded upon a different theory, and with a final adjudication that he had no right of recovery upon the case which he offered to present, it is, in my opinion, too late for the court of original jurisdiction to wipe out the record on which that adjudication was made and substitute a different judgment. "They should not, after the final judgment, by amendment change a ruling upon the law, or alter the decision upon the merits, for, by so doing, the substantial

rights of the adverse party would be really affected." Bohlen v. M. E. R. Co., 121 N. Y. 546, 551, 24 N. E. 932, 933.

The case, as we have already suggested, was in a situation similar to that which would have prevailed had there been a judgment upon demurrer; there was a final adjudication of the question of law upon which the plaintiffs relied, and it is now too late to tamper with the judgment and make it something different from that which the appellate courts have made it. Hirshbach v. Ketchum, 79 App. Div. 561, 80 N. Y. Supp. 143; Alley v. Nott, 111 U. S. 472, 4 Sup. Ct. 495, 28 L. Ed. 491; Pollak v. Dodge Manufacturing Co., 80 Misc. Rep. 182, 141 N. Y. Supp. 1104.

The order and judgment appealed from should be reversed, with costs.