MERLY REALTY CORPORATION, Plaintiff, *v.* WILLIAM WALLACK, Defendant.

Municipal Court of New York, Borough of Manhattan, Fifth District, May 10, 1929.

*Morrison & Schiff* [*Leon Brof* of counsel], for the plaintiff.

*Moses & Singer* [*Sam L. Cohen* and *Felix A. Fishman* of counsel], for the defendant.

ROSALSKY, J. The action is to recover $750 rent for the two months of October, 1928, and November, 1928, claimed to be due under a written lease. This lease was made about August 2, 1927, between Aaron Leasing Corporation, as landlord, and defendant, as tenant, covering an apartment, for the term of three years from October 1, 1927.

At the time of signing the lease, the lessor gave the defendant a letter stating that the tenant had " paid receipts," or concessions in rent for the months of October, 1927, October, 1928, November, 1928, and October, 1929. " Paid receipts " for the installments of rent due for said months under the lease were given on August 2, 1927, by the lessor to defendant. The lessor allowed the defendant the concession in rent for the month of October, 1927. During April, 1928, said lessor conveyed the real property to the plaintiff, but without disclosing to the plaintiff the separate letter or receipts for the said rent or concessions. The defendant continued to pay the leased rent of the apartment to plaintiff from May 1, 1928, until and including September, 1928. He refused to pay the rent for the months of October, 1928, and November, 1928, claiming to be entitled to the concession in rent for these two months from the former owner. This action was brought to recover such rent.

At the outset, the letter and receipts of plaintiff's predecessor in title were properly received in evidence as constituting an independent, collateral agreement. (*Stearns* v. *Lichtenstein,* 48 App. Div. 498; *Lese* v. *Lamprecht,* 196 N. Y. 32.) The defendant did not rely upon oral testimony to contradict or vary the terms of the lease. The letter and " paid receipts " were writings which supplemented the lease, rather than superseded or substituted it.

(2 Williston Cont. § 646.) An agreement may consist of more than one instrument. (*Marks* v. *Cowdin*, 226 N. Y. 138.) The lease and the receipts, therefore, may properly be considered together.

Actual possession of real estate is sufficient notice to a person proposing to take a conveyance or mortgage, and to all the world, of the existence of any right which the person in possession is able to establish. (*Phelan* v. *Brady*, 119 N. Y. 587, 591; *Cavalli* v. *Allen*, 57 id. 508, 517; *Beekman* v. *Stern*, 191 App. Div. 512.)

The difficulty here is that these principles do not determine the point in controversy. The lease itself is a closely printed document covering four pages and contains provisions intended to cover every contingency that the lessor could provide against, other than the one which has now arisen. The lease even contained a list of specific decorations which were to be made in the apartment rented. The lease itself provided that the annual rent of $4,500 was " payable in equal monthly installments, in advance, on the 1st day of each and every month during said term." The lease is complete in itself. There is nothing in the lease from which any one can gain the slightest inkling that the tenant was to have a concession in rent for any future months embraced within the three-year term.

I think that the agreement of the Aaron Leasing Corporation, the predecessor in title to the real property of this plaintiff, was a mere collateral personal undertaking which did not run with the land or bind the subsequent grantee, the plaintiff who purchased, without notice. (*Henck* v. *Barnes*, 84 Hun, 546; *Coffin* v. *Talman*, 8 N. Y. 465; 2 Taylor Landl. & Ten. [9th ed.] § 444; 2 Platt Leas. 413.)

A similar case where all of the facts do not appear in the opinion, but are found in the original record, in which a like result was reached, is *Pierce* v. *Apple* (92 N. Y. Supp. 1142).

No question is raised here but that plaintiff is a *bona fide* purchaser without notice. I assume, also, that defendant was innocent of wrongdoing and as a layman was induced to take a letter instead of a provision in the lease itself protecting him in obtaining a concession in rent a year in advance. If defendant was content to rely on the letter, which was but a collateral private undertaking, he, and not the plaintiff, must be left to recourse against the lessor for the damage which the defendant will suffer by reason of the breach of the contract to grant him the concession in rent.

Judgment for the plaintiff. Ten days' stay.